Carl Wescott
PO Box 190875
San Francisco, CA 94966
*in propria persona*
+1 415 335 5000

FILED
OCT -2 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISON

Carl Alexander Wescott,

   Plaintiff

----------- versus -----------

SC Anderson, Inc.;

Herrig & Vogt, LLP;

Moe's Process Serving, Inc.;

   Defendants

Case Number CV 17 5676 LB

VERIFIED COMPLAINT FOR
DECLARATIVE AND INJUNCTIVE RELIEF
AND DAMAGES FROM RACKETEERING;
CONSPIRACY TO ENGAGE IN A PATTERN
OF RACKETEERING ACTIVITY; FRAUD;
ABUSE OF PROCESS; INTRUSION PRIVATE
MATTERS; INTENTIONAL INFLICTIONAL
OF EMOTIONAL DISTRESS

JURY TRIAL REQUESTED

1. Plaintiff Carl Wescott ("Plaintiff") is an individual and resident in San Francisco.

2. Defendant SC Anderson, Inc. ("Anderson") is a California corporation with its principal office in Bakersfield, California and satellite offices in Arizona, Nevada and New Mexico. Anderson is a major construction company.

3. Herrig & Vogt ("HV") is a California limited liability partnership with its principal place of business in Granite City, California. HV is the attorney and agent of Anderson.

4. Defendant Moe's Process Serving Inc. ("Moe's") is a California corporation with its principle place of business in Sacramento, California. Moe's is an agent of Vogt and sub-agent of Anderson.

5. Jurisdiction is vested in this Court pursuant to 18 USC 1961 et seq and venue is proper in this District as it was the focus of the criminal activity, the location of Surprise Development (and thus where Defendant should have filed the lawsuit they fraudulently concealed in another county), and is also the location of the recent unnecessary legal action by Defendant against Plaintiff (Adversary Proceeding 17-03015).

**Enterprise & Underlying Conspiracy**

6. This cases arises out of a contract between SC Anderson and Surprise Development ("Surprise"), a long defunct California S Corp. owned and managed by the Plaintiff up to approximately six years ago. SC Anderson provided design and engineering services to Surprise, and the firms envisioned and planned on SC Anderson providing construction services to Surprise. Reverses in the economy made it impossible for Surprise to pay for the design and engineering services SC Anderson provided on a project. Realizing that Surprise was losing its assets of value and that the underlying contract was non-recourse (e.g. not personally guaranteed by the Plaintiff) the Defendants entered into a scheme to impose extra-contractual personal liability on the Plaintiff by obtaining a personal judgment in stealth thus preventing him from raising dispositive contractual defenses.

2

7. Anderson, HV and Moe's engaged in the following predicate acts, sufficing to trigger liability under 18 USC 1961 (4) (5) and (9) and 18 USC 1962 (c):

   (a) On October 31st 2011 ("Alleged Service Date"), and on November 1st, 2011 ("Perjurious Proof of Service date") Moe's, acting for and jointly with the other defendants, perjuriously certified a fraudulent proof of service on the Defendant in connection with a state court action brought by SC Anderson ("the State Court Case"). On the day of the alleged service Plaintiff and his now-ex-wife were both in Santa Barbara. In certifying and transmitting the fraudulent proof of service, Moe's utilized both mails and the wires in violation of 18 USC 1961.

   (b) Contemporaneously, acting for and jointly with the other defendants, Moe's unlawfully accessed and tampered with the defendant's mail by gaining unauthorized access to his closed United States Postal mailbox, in violation of 18 USC 1708.

   (c) The Plaintiff filed for United States Bankruptcy protection and so informed defendant HV (with a phone call to George Vogt) on or about December 13, 2011, which is the date the automatic stay in Plaintiff's bankruptcy case issued. Plaintiff informed George Vogt ("GVogt") that he had not been served, that SC Anderson was being named in Plaintiff's chapter 7, and that he was planning on leaving the country soon.

  (d) Despite knowledge of the Plaintiff's pending bankruptcy and federal court orders not to take legal action against Plaintiff, HV, acting for and jointly with the other defendants, wilfully and contumaciously violated the Plaintiff's automatic stay by filing for default in the State Court Case. HV's filing, which was effected electronically, represents an independent use of the wires to perpetrate a fraud in violation of 18 USC 1961 – the fraud not only utilized Moe's fraudulent declaration but also consisted of omitting to disclose the pendency of Plaintiff's bankruptcy and existence of the automatic stay to the State Court in obtaining the State Court Case default. As an officer of the Court, HV (as well as Geroge Vogt personally) had a duty to disclose relevant facts to the Court.

  (e) Accordingly, the predicate acts of the enterprise (consisting of SC Anderson, its agent HV and its sub-agent Moe's) included *at least* mail tampering and mail and wire fraud by Moe's, independent acts of wire fraud by HV, fraud on the court by HV all performed at the direction and for the benefit of principal SC Anderson.

8. The criminal acts of the defendants have played out over a period of six years, more than meeting the RICO standard for continuity. The defendants did not disclose their fraudulent default to the Plaintiff until a meeting of his 341 creditors in December 2016, making it difficult to impossible for him to overturn the default in the State Court Case.

9. The defendants have since pursued aggressive collection and harassment efforts that have included completely needless litigation in federal court with the aid of the fraudulently

obtained judgment in the State Court Case. The defendants' collection efforts have imposed tremendous emotional stress on the Plaintiff and have crippled his ability to develop new business opportunities.

10. The defendants have conspired directly and through their agents, officers and employees to tamper with the Plaintiff's mail; secure a fraudulent judgment based on a perjurious certification; defraud the State Court through the use of an electronic filing; and extort payment from the Plaintiff through e-mails, phone calls, and the harassment of needless litigation.

11. The Plaintiff was a national real estate developer and consultant, with projects in Louisiana and in other countries such as Panama and Ecuador. The actions of the defendants have impacted interstate and international commerce by inhibiting and interfering with the Plaintiff's ability to source and close transactions in California, Louisiana and other locations.

12. The Plaintiff asks that this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities described in more particularity in paragraph 7, Supra).

13. The Plaintiff asks this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

14. The Plaintiff asks this Court that all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation

5

with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from associating with any RICO *enterprise* of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

## COUNT ONE:

Acquisition and Maintenance of an Interest in and Control of
an *Enterprise* Engaged in a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(b)

15. Plaintiff realleges paragraphs 1-14 as if fully set out herein. Substance prevails over form.

16. At various times and places all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

17. During the six (6) calendar years preceding September 29th, 2017 all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

18. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(b) *supra* including the cynical corruption and manipulation of the State Court Case.

19. Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

20. Based on the legal doctrine of Respondeat Superior, a principal is legally responsible for the wrongful and illegal acts of its agents and sub-agents.  Thus, not only are SC Anderson, HV, and Moe's collectively liable for the illegal acts in their criminal conspiracy, but SC Anderson is also legally responsible for the acts of its agent HV and its sub-agent Moe's.  For this specific count, the principal SC Anderson is liable for the agents' and subagents' misconduct:  knowledge of, participation in, and benefit from a RICO enterprise.

## COUNT TWO:
Conduct and Participation in a RICO *Enterprise*
through a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(c)

21. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.  Substance prevails over form.

22. At various times and places partially enumerated in Plaintiff's Complaint above, all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

23. Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

24. During the six (6) calendar years preceding September 29th, 2017, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

25. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses

7

itemized above in a manner that they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra*.

26. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

[Rest of this page blank]

8

## COUNT THREE:

Conspiracy to Engage in a

*Pattern of Racketeering Activity*:

18 U.S.C. §§ 1961(5), 1962(d)

27. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

28. At various times and places partially enumerated in Plaintiff's Complaint above all Defendants did conspire to acquire and maintain an interest in a RICO *enterprise* engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(b) and (d).

29. At various times and places partially enumerated in Plaintiff's Complaint above, all Defendants did also conspire to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d). See also 18 USC 1708.

30. During the six (6) calendar years preceding September 29th, 2017 all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

31. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner that they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of 18 U.S.C. 1962(d) (Prohibited activities *supra*).

32. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

9

## COUNT FOUR:

### Abuse of Process

33. The Plaintiff realleges paragraphs 1-14 as if fully set out herein.

34. Moe's false and perjurious certification of the Proof of Service; and mail tampering, which were acts taken as agent for all Defendants, were intentional usages of the court's process for purposes other than that for which the process was intended.

35. The Defendants' ulterior motive was to prevent the Plaintiff from demonstrating to the State Court that he was not personally liable on the Surprise contract with SC Anderson. SC Anderson could have negotiated a personal guarantee from the Plaintiff in its original contract but failed to do so.

36. The Plaintiff was harmed by the misuse of process by Defendants in that he incurred wrongful exposure to a massive personal liability that was extra-contractual; caused him great emotional stress; and interfered with his commercial opportunities.

## COUNT FIVE:

### Intentional Infliction Of Emotional Distress

37. The Plaintiff realleges paragraphs 1-14 as if fully set out herein.

38. The Defendants' actions in fraudulently certifying process and fraudulently obtaining a Default Judgment against the Plaintiff despite their awareness of his Bankruptcy filing were plainly outrageous.

39. The Defendants were aware that the Plaintiff was in a commercially and emotionally vulnerable state because of his business reverses and bankruptcy. The Defendants intended to inflict severe and unbearable emotional distress on the Plaintiff to pressure

and/or extort him into a financial settlement despite the Defendants' knowledge that there was no reasonable basis for holding the Plaintiff financial liable for Surprise's contractual obligations.

40. The Plaintiff has in fact suffered severe emotional distress as a result of the Plaintiff's acts of fraud, oppression and coercion.

## COUNT SIX:

### Common Law Fraud

41. The Plaintiff realleges paragraphs 1-14 as if fully set out herein.

42. Under the California Rules of Court, the Defendants had a duty to disclose their Motion for Default in the State Court Case to the Plaintiff.

43. The Defendants failed to disclose and, in fact, concealed the pendency of their Default Motion in the State Court Case.

44. The Defendants intended that the Plaintiff rely on their non-disclosure and concealment and the Plaintiff did in fact rely. Had the Plaintiff been served with the lawsuit, he would have filed a Response in State Court (His first Response would have been to move to the proper venue of San Francisco, as well as to properly deny any personal liability). Had the Plaintiff known of the pendency of the Motion for Default he would have informed the State Court of his Chapter 7 Bankruptcy that the Defendants actions violated federal court orders and were *void ab initio.*

45. The Plaintiff has been damaged by the Defendants' fraudulent omission by having default lodged against him in a case which alleges and seeks millions of dollars for the judgment; this has caused him severe emotional distress and crippled his efforts to rebuild his business.

## COUNT SEVEN

### Intrusion Into Private Matters

46. The Plaintiff realleges paragraphs 1-14 as if fully set out herein.

47. Moe's examination of the Plaintiff's private mail, as described in paragraph 7 (b) above and as undertaken on behalf of all defenfants, represented an intrusion into private matters that was deeply offensive to the Plaintiff and would be offensive to any reasonable person.

48. The Plaintiff has sustained emotional distress as a direct and proximate result of Moe's examination of his private mail.

[rest of page blank]

## RELIEF REQUESTED

*Wherefore*, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiff requests judgment against all named Defendants as follows:

### ON COUNT ONE:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO *enterprise* of *persons*, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

3. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT ONE supra.

4. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s).

5. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18

13

U.S.C. 1962(b), according to the best available proof.

6. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

7. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), including Plaintiff's emotional distress according to the best available proof.

8. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, photocopies, mail, travel, service, all non-judicial enforcement and all reasonable fees including any paralegal help Plaintiff may employ.

9. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, his heirs and assigns.

10. That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

### ON COUNT TWO:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

14

2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

3. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from associating with any RICO *enterprise* of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

4. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conducting or participating, either directly or indirectly, in the conduct of the affairs of any RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) and 1962(c) *supra*.

5. That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT TWO *supra*.

6. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18

U.S.C. 1962(c) *supra*, according to the best available proof.

8. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(c) *supra*, including Plaintiff's emotional distress according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable fees.

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT THREE:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra*.

2. That this Court liberally construe the RICO laws and thereby find that all Defendants

have conspired to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra*.

3. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO *enterprise* that engages in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra*.

4. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra*.

5. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT THREE *supra*.

6. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) *supra* and from all other violation(s) of applicable State and federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) *supra*, according to the best available proof.

8. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C.

1962(d) *supra*, according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(d) *supra*, including Plaintiff's emotional distress and loss of business opportunities according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable fees.

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(d) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT FOUR:

1. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their Abuse of Process including interference with ongoing business expectations, according to the best available proof.

2. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar litigation abuses in the future. This Plaintiff asks the Court to consider the enormous scope of operations of SC Anderson and HV and to ensure that the financial punishment for these improper and illegal acts be large enough as to deter any thought of similar activities in the future.

3. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

### ON COUNT FIVE:

1. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their intentional infliction of emotional distress on Plaintiff including interference with ongoing business expectations, according to the best available proof.

2. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar outrageous conduct in the future.

3. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

### ON COUNT SIX:

4. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their acts of fraudulent concealment directed at Plaintiff including interference with ongoing business expectations, according to the best available proof.

5. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar fraudulent conduct in the future.

6. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT SEVEN:

1. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their Intrusion into Plaintiff's private matters according to the best available proof.

2. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar outrageous conduct in the future.

3. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

RESPECTFULLY SUBMITTED.

Date: 10/2/2017

_____
Carl Alexander Wescott. Pro Se