UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>Plaintiff,<br><br>v.<br><br>SC ANDERSON, INC., HERRIG & VOGT, LLP, and MOE'S PROCESS SERVING, INC.,<br><br>Defendants. | Case No. 17-cv-05676-LB<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO DISQUALIFY**<br><br>Re: ECF Nos. 22 and 45 |

## INTRODUCTION

Carl Wescott, who is representing himself and proceeding *in forma pauperis*, sued the defendants, generally claiming that they conspired to fraudulently obtain a default judgment against him in state court in a lawsuit filed by SC Anderson.[1] All parties are residents of California.[2] Federal jurisdiction is predicated on three alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); Mr. Wescott also asserts four state claims.[3] SC Anderson and Herrig & Vogt move to dismiss the claims under Federal Rule of Civil

---

[1] *See* Compl. – ECF No. 1 at 3 (¶ 7(a)). Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1 (¶¶ 1–2).

[3] *Id.* at 6–12 (¶¶ 16–38).

ORDER – No. 17-cv-05676-LB

Procedure 12(b)(6) on the grounds that the statute of limitations bars the claims and that Mr. Wescott did not plead fraud with particularity under Rule 9(b).[4] Mr. Wescott moves to disqualify Herrig & Vogt LLP from representing SC Anderson in this case.[5]

All parties consented to magistrate-judge jurisdiction.[6] The court can decide the matter without oral argument. See N.D. Cal. Civ. L.R. 7-1(b). The court grants the motion to dismiss, dismisses the claims against SC Anderson and Herrig & Vogt without prejudice and with leave to amend, and denies the motion to disqualify.

## STATEMENT

Until approximately six years before filing this lawsuit in October 2017, Mr. Wescott owned and managed the now-defunct real-estate-development company Surprise Development.[7] Surprise Development and SC Anderson, a construction company, entered a contract for SC Anderson to provide design and engineering services; the parties contemplated construction services in the future.[8] After a downturn in the economy, Surprise Development became unable to pay SC Anderson.[9] On October 6, 2011, SC Anderson sued Mr. Wescott for breach of contract in California state court.[10] Mr. Wescott alleges that the contract was non-recourse, meaning, he did not guarantee it personally.[11] Herrig & Vogt is the law firm that represented SC Anderson, and Moe's Process Serving is a process server.[12]

---

[4] Mot. to Dismiss – ECF No. 22.

[5] Mot. to Disqualify – ECF No. 45.

[6] ECF Nos. 12, 25, 27.

[7] Compl. – ECF No. 1 at 2 (¶ 6).

[8] Id.; Request for Judicial Notice – ECF No. 22-2, Ex. 1 at 22. The court grants the unopposed request for judicial notice and judicially notices the public records attached to them (but not the truth of any fact allegations in them). See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

[9] Compl. – ECF No. 1 at 2 (¶ 6).

[10] Id.; Request for Judicial Notice – ECF No. 22-2, Ex. 1.

[11] Compl. – ECF No. 1 at 2 (¶ 6).

[12] Id. at 2 (¶¶ 3–4), 3 (¶ 7(a)).

Mr. Wescott alleges that the three defendants engaged "in the following predicate acts" for the alleged RICO violations:[13]

    (a) On October 31st, 2011 ("Alleged Service Date"), and on November 1st, 2011 ("Perjurious Proof of Service date"), Moe's, acting for and jointly with the other defendants [using the mails and wires], perjuriously certified a fraudulent proof of service on [Mr. Wescott] in connection with a state court action brought by SC Anderson ("the State Court Case").On the day of the alleged service [Mr. Wescott] and his now-ex-wife were both in Santa Barbara.[14]

    (b) Contemporaneously, acting for and jointly with the other defendants, Moe's unlawfully accessed and tampered with [Mr. Wescott's] mail by gaining unauthorized access to his closed United States Postal mailbox, in violation of 18 USC [§] 1708.[15]

    (c) [Mr. Wescott] filed for U.S. Bankruptcy protection and so informed defendant HV [Herrig & Vogt] (with a phone call to George Vogt [a named partner]) on or about December 13, 2011, which is the date that the automatic stay in Plaintiff's bankruptcy case issued. Plaintiff informed George Vogt . . . that he had not been served, that SC Anderson was being named in Plaintiff's chapter 7, and that he was planning on leaving the country soon.[16]

    (d) Despite knowledge of [Mr. Wescott's] pending bankruptcy and federal court orders not to take legal action against [Mr. Wescott], HV [Herrig & Vogt], acting for and jointly with the other defendants, willfully and contumaciously violated the Plaintiff's automatic stay by filing for default in the State Court Case. . . . [T]he fraud not only utilized Moe's fraudulent declaration [of service] but also consisted of omitting to disclose the pendency of Plaintiff's bankruptcy and existence of the automatic stay to the State Court in obtaining the State Court Default.[17]

"The defendants did not disclose their fraudulent default to [Mr. Wescott] until a meeting of his 341 creditors in December of 2016, making it difficult to impossible for him to overturn the default in the State Court case."[18] The defendants have been pursuing "aggressive collection efforts" to collect the debt, including completely needless litigation in federal court with the aid of the fraudulently obtained judgment. . . ."[19] The default judgment interfered with Mr. Wescott's "ability to source and close transactions in California, Louisiana and other locations."[20]

---

[13] *Id.* at 3–4 (¶ 7).

[14] *Id.* at 3 (¶ 7(a)). He alleges that Moe's did this using the mails and the wires. *Id.*

[15] *Id.* (¶ 7(b)).

[16] *Id.* (¶ 7(c)).

[17] *Id.* at 4 (¶ 7(d)). Mr. Wescott alleges that Herrig & Vogt filed the complaint electronically, which is another use of the wires. *Id.*

[18] *Id.* at 4 (¶ 8).

[19] *Id.* at 4–5 (¶¶ 9–10).

[20] *Id.* at 5 (¶ 11).

Mr. Wescott's complaint has seven claims: (1) maintaining a RICO enterprise engaged in a pattern of racketeering activity; (2) conducting and participating in a RICO enterprise engaged in a pattern of racketeering activity; (3) conspiracy to engage in a pattern of racketeering activity; (4) abuse of process; (5) intentional infliction of emotional distress; (6) common-law fraud; and (7) intrusion into private matters.[21] The three RICO claims and claims four, five, and six are against all defendants. Claim seven — intrusion into private matters — is based on Moe's alleged examination of Mr. Wescott's private mail and apparently is asserted only against Moe's.

Moe's Process Serving answered.[22] SC Anderson and Herrig & Vogt moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6).[23]

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

---

[21] *Id.* at 6–12 (¶¶ 16–38).

[22] Answer – ECF No. 26.

[23] Motion – ECF No. 22.

unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Fraud allegations — like those required for the civil RICO claims here — elicit a more demanding standard. Rule 9(b) provides: "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003). Like the basic "notice pleading" demands of Rule 8, a driving concern of Rule 9(b) is that defendants be given fair notice of the charges against them. *See, e.g., In re Lui,* 646 F. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (quotation omitted); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the defendant can prepare an adequate answer"). This heightened-pleading standard can apply even to claims that do not innately require proof of fraud. *E.g., Vess,* 317 F.3d at 1103–05. If such a claim nonetheless avers fraudulent conduct, then at least those averments must satisfy Rule 9(b); and, if a claim rests "entirely" on a "unified course of fraudulent conduct," then "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103–04. Finally, "[a] motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* at 1107.

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

1. **Motion to Dismiss**

The court grants the motion to dismiss on the ground on the ground that Mr. Wescott fails to state a civil RICO claim and declines to exercise supplemental jurisdiction over Mr. Wescott's state claims.

To establish a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmet v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); *see Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO, 2017 WL 3485881, at *12 (N.D. Cal. August 15, 2017) (citing *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)). The limitations period for civil RICO claims is four years. *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (citing *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987)). It begins to run when a plaintiff knows or should know of the injury underlying his claim. *Pincay*, 238 F.3d at 1109.

The defendants contend that Mr. Wescott complains of conduct in 2011 and knew about the state lawsuit by early 2012, when he listed the $678,000 unsecured debt owed to SC Anderson in Schedule F to his bankruptcy petition and when he identified the lawsuit in Item 4 of his Statement of Financial Affairs.[24] Under "Status and Disposition" of the lawsuit, Mr. Wescott states "preliminary stages-service has not happened (although plaintiff [SC Anderson] claims it has and seeks a judgment)."[25]

Mr. Wescott alleges that he did not know about Moe's fraudulent certificate of service until December 2016. But he had notice of the lawsuit, including SC Anderson's apparent claim that "it and seeks a judgment."[26] The issue thus is whether Mr. Wescott "had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud."

---

[24] Mot. – ECF No. 22-1 at 5; Schedule F, Ex. 3 to Request for Judicial Notice – ECF No. 22-2 at 99; Statement of Financial Affairs, Ex. 4 to Request for Judicial Notice – ECF No. 22-2 at 122.

[25] Statement of Financial Affairs, Ex. 4 to Request for Judicial Notice – ECF No. 22-2 at 122.

[26] *Id.*

*Id*. In his amended complaint, Mr. Wescott must allege more about the timeline and his knowledge about the lawsuit from 2011 to 2016. Mr. Wescott cannot hide behind actual notice if he knew enough to warrant investigation.

Under the circumstances, the court does not dismiss the complaint on the ground that it is time barred. "Normally, a court must leave the question of whether a plaintiff knew or should have known of his injury to the jury." *Ward v. Chanana*, No. C 07-06290 JW, 2008 WL 5383582, at *4 (N.D. Cal. Dec. 23, 2008) (citing *Living Design, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 365 (9th Cir. 2005)). A claim may be dismissed pursuant to a statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). The defendants may reassert their argument in any renewed motion to dismiss and should identify any cases that support a duty to inquire about service based on knowledge of a pending lawsuit, especially in the default-judgment context.

The court nonetheless dismisses the RICO claims for failure to allege fraud with particularity. Mr. Wescott says nothing about why the proof of service was fraudulent or how SC Anderson and Herrig & Vogt knew that it was and why they are responsible.

Because the court dismisses the federal claims, it declines to exercise supplemental jurisdiction over the state claims and dismisses them without prejudice to Mr. Wescott's raising the state claims in state court. 28 U.S.C. § 1367(c)(3).

### 2. Motion to Disqualify

Mr. Wescott moves to disqualify Herrig & Vogt from representing SC Anderson because Herrig & Vogt's attorneys might be witnesses.[27] For the reasons stated in in the defendants' opposition, the court denies the motion.[28] Among other reasons, the decision is discretionary, and outright disqualification is disfavored because it affects important interests such as the client's right to choose counsel. *Gas-A-Tron of Ariz. v. Union Oil Co. of Calif.*, 534 F.2d 1322, 1325 (9th

---

[27] Motion to Disqualify – ECF No. 45 at 3.

[28] Opposition – ECF No. 48.

Cir. 1976); *Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003); *Nemec v. Linebarger*, No. 5:14-CV-01343-PSG, 2014 WL 3667232, at *1 (N.D. Cal. July 22, 2014). Given the complaint's conclusory allegations about fraud, the court will not disqualify counsel merely because Mr. Wescott asserts that Herrig & Vogt might be a witness. At the moment, the complaint's allegations establish only that Moe's allegedly provided a fraudulent notice of service used to obtain a default judgment. The complaint says nothing about why it was fraudulent and how the other defendants knew that it was and used it to fraudulently obtain a default judgment. The court will not disqualify counsel as a potential witness based only on these conclusory allegations that do not state a claim.

## CONCLUSION

The court grants the defendants' motion to dismiss the complaint without prejudice and with leave to amend, and it denies Mr. Wescott's motion to disqualify Herrig & Vogt.

Mr. Wescott must file any amended complaint by June 14, 2018.

This disposes of ECF Nos. 22 and 45.

**IT IS SO ORDERED.**

Dated: May 21, 2018

LAUREL BEELER
United States Magistrate Judge