1  Carl Wescott
   PO Box 190875
2  San Francisco, CA 94966
   *in propria persona*
3  +1 415 335 5000

**FILED**

JUN 1 4 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5  UNITED STATES DISTRICT COURT

6  NORTHERN DISTRICT OF CALIFORNIA

7  SAN FRANCISCO DIVISON

9  Carl Alexander Wescott,                    )    Case Number CV 17-5676-LB

                        Plaintiff            )
10
                                             )    FIRST AMENDED COMPLAINT FOR
11
-------------------- versus -------------------- )    DECLARATIVE AND INJUNCTIVE RELIEF
12
                                             )    AND DAMAGES FROM RACKETEERING;
13
   SC Anderson, Inc.;                        )    CONSPIRACY TO ENGAGE IN A PATTERN
14
   Herrig & Vogt, LLP;                       )    OF RACKETEERING ACTIVITY; FRAUD;
15
   Moe's Process Serving, Inc.;              )    ABUSE OF PROCESS; INVASION OF
16
                        Defendants           )    PRIVACY; INTENTIONAL INFLICTIONAL
17
                                             )    OF EMOTIONAL DISTRESS AND BREACH OF
18
                                                  FIDUCIARY DUTY
19
20                                                JURY TRIAL REQUESTED
21
22

24  1.  Plaintiff Carl Wescott ("Plaintiff") is an individual and resident in San Francisco.

25  2.  Defendant SC Anderson, Inc. ("Anderson") is a California corporation with its principal

26      office in Bakersfield, California and satellite offices in Arizona, Nevada and New

27      Mexico. Anderson is a major construction company.

28

1

3. Herrig & Vogt ("HV") is a California limited liability partnership with its principal place of business in Granite City, California. HV is the attorney and agent of Anderson.

4. Defendant Moe's Process Serving Inc. ("Moe's") is a California corporation with its principle place of business in Sacramento California. Moe's is an agent of Vogt and sub-agent of Anderson.

5. Jurisdiction is vested in this Court pursuant to 18 USC 1961 et seq and venue is proper in this District as it was the focus of the criminal activity, the location of Surprise Development (and thus where Defendant should have filed the lawsuit they fraudulently concealed in another county), and location of the Plaintiff, the individual Defendant in SC Anderson's fraudulent legal action, and is also the location of the recent unnecessary legal action by Defendant against Plaintiff (Adversary Proceeding in Plaintiff's bankruptcy).

## Enterprise & Underlying Conspiracy

6. This cases arises out of a contract between Anderson and Surprise Development ("Surprise"), a long defunct California S Corp. owned and managed by the Plaintiff up to approximately six years ago. Anderson provided design and engineering services to Surprise, and the firms envisioned and planned on Anderson providing construction services to Surprise. Reverses in the economy made it impossible for Surprise to pay for the design and engineering services Anderson provided on a project. At all times, Anderson was aware of the risk that Surprise would be unable to pay and Anderson has admitted as much in Madera County pleadings. Realizing that Surprise was losing its

assets of value and that the underlying contract was non-recourse (e.g. not personally guaranteed by the Plaintiff) the Defendants entered into a scheme to impose extra-contractual personal liability on the Plaintiff by: (a) faking a fraud case in general and against the Plaintiff specifically; (b) obtaining a personal judgment in stealth thus preventing him from raising dispositive contractual defenses; (c) obtaining the default in knowing violation of the Plaintiff's automatic stay in bankruptcy and then; (d) extortionately using that wrongful and void default to obtain the Plaintiff's money and/or property.  The Defendants took these steps despite the fact that the Plaintiff had minimal contact with Anderson during the project in question and made none of the representations that Anderson later tried to characterize as fraudulent.

7.  Anderson, HV and Moe's engaged in the following predicate acts, sufficing to trigger liability under 18 USC 1961 (4) (5) and (9) and 18 USC 1962 (c):

    (a) Defendants HV and Anderson filed sham litigation in Kern County and Madera County against the Plaintiff. The litigation was fraudulent and a sham because the Plaintiff individually made no important representations to Anderson – as the Defendants well knew – and because the Defendants never relied on *any* representations, having recently judicially admitted in Madera County filings that they were specifically aware of the risk that the Kern County Defendants would not acquire the property in question with the result that Defendant Anderson would not be paid for its services.

    (b) The litigation was also fraudulent and a sham because the Defendants never intended to serve the Plaintiff or afford him an opportunity to defend himself.

    (c) On October 31st 2011 ("Alleged Service Date"), and on November 1st, 2011 ("Perjurious Proof of Service date") Moe's, acting for and jointly with the other defendants, perjuriously certified a fraudulent proof of service on the Defendant in connection with a state court action brought by SC Anderson ("the State Court Case"). On the day of the alleged service Plaintiff and his now-ex-wife were both in Santa Barbara. Moe's certified that a lady was served at Plaintiff's house, with black hair. Plaintiff's ex-wife was blonde and of completely different height and weight than what the proof of service certified.  In certifying and transmitting the fraudulent proof of service, Moe's utilized both mails and the wires in violation of 18 USC 1961.

    (d) Contemporaneously, acting for and jointly with the other defendants, Moe's unlawfully accessed and tampered with the defendant's mail by gaining unauthorized access to his closed United States Postal mailbox, in violation of 18 USC 1708. This was in aid of an attempt to extort the Plaintiff within the meaning of 18 USC 375 et seq.

(e) The Plaintiff filed for United States Bankruptcy protection and so informed defendant HV (with a phone call to George Vogt) on or about December 13, 2011, which is the date the automatic stay in Plaintiff's bankruptcy case issued. Plaintiff informed George Vogt ("GVogt") that he had not been served, that Anderson was being named in Plaintiff's chapter 7, and that he was planning on leaving the country soon.

(f) Despite knowledge of the Plaintiff's pending bankruptcy and federal court orders not to take legal action against Plaintiff, HV, acting for and jointly with the other Defendants, willfully and contumaciously violated the Plaintiff's automatic stay by filing for default in the State Court Case. HV's filing, which was effected electronically, represents an independent use of the wires to perpetrate a fraud in violation of 18 USC 1961 – the fraud not only utilized Moe's fraudulent declaration but also consisted of omitting to disclose the pendency of Plaintiff's bankruptcy and existence of the automatic stay to the State Court in obtaining the State Court Case default. As an officer of the Court, HV (as well as GVogt personally) had a duty to disclose relevant facts to the Court.

(g) HV then attempted to enforce the wrongfully obtained default which they knew and subsequently admitted to be void ab inito to extortionately obtain money from the Plaintiff at his 341 meeting in 2016 and for years thereafter.

(h) Accordingly, the predicate acts of the enterprise (consisting of SC Anderson, its agent HV and its sub-agent Moe's) included *at least* mail tampering and mail and wire fraud and attempted extortion by Moe's, independent acts of wire fraud and extortion by HV, fraud on the court by HV all performed at the direction and for the benefit of principal SC Anderson.

8.  The Plaintiff has strong reasons to believe that SC Anderson and its agent HV conceived and directed this fraudulent scheme. These include:

(a) The Kern County litigation was sham litigation within the meaning of federal law: (a) objectively baseless and; (b) subjectively intended to abuse process. Thus, the *Noerr Pennington* protection for petitioning activity does not apply. Specifically (for the reasons that follow) SCA and HV alleged fraud against the Plaintiff without a good faith basis for believing that he had in fact engaged in fraudulent activity as a means to obtain the benefit of a personal guarantee they never negotiated.

(b) The filing of the sham litigation was itself an act of fraud within the ambit of the RICO statute because the Plaintiff had the right to rely on the truthfulness of the representations of HV as California attorneys. Business & Professions 6068.

(c) The Plaintiff had very little personal interaction with Anderson during the period of the Surprise Development. The Plaintiff did not discuss, represent, or negotiate with SC Anderson, and simply attended one meeting, one conference calls and signed paperwork. Therefore there would have been no legitimate reliance on any statements by the Plaintiff on the part of Anderson.

(d) Anderson has admitted that it was expressly aware of the risk presented by the fact that the Surprise Development team did not actually own the Property in question but had every reasonable expectation of doing so. Attached as

4

Exhibit "A" is a complaint recently filed by Anderson in Madera County following the Stipulated admission that HV violated the Plaintiff's automatic stay. In paragraph 28 of this Complaint, Anderson admits that it had knowledge of the fact that Surprise did not actually own the property and may not gain ownership. Anderson not only did not rely on Plaintiff; they had no basis for reliance at all.

(e) Anderson took the calculated risk that the Surprise financing would not go through with the plan all along of wrongfully suing the Plaintiff should their business risk not play out as they hoped.

(f) Anderson's agent H&V deliberately violated the Plaintiff's automatic stay in wrongfully obtaining a Default.

(g) Anderson's agent H&V lied to the Courts in Kern and Madera County by Omission and Commission and attempted to enforce the wrongfully obtained Default at the Plaintiff's meeting of creditors years after obtaining it.

(h) HV's attempt in 2016 and thereafter to collect a debt from the Plaintiff based on a judgment they knew to have violated the Plaintiff's automatic stay was extortionate in that H&V possessed the specific intent to obtain the Plaintiff's money and property based on a default HV attorneys knew to be void ab initio in aid of an effort to intimidate the Plaintiff.

(i) In short, Anderson's fraud case was itself an outrageous fraud and planned from the first as a fallback position if it lost its calculated gamble that Surprise would obtain financing and close on the property.

9. The criminal acts of the defendants have played out over a period of more than six years, more than meeting the RICO standard for continuity. The Defendants – consistent with their plan - did not disclose their fraudulently obtained default to the Plaintiff until a meeting of his 341 creditors in December 2016 (at which H&V attempted to enforce the void default), making it difficult to impossible for him to overturn the default in the State Court Case. The Defendants knew that default to be void ab initio but extortionately attempted to use it to intimidate the Plaintiff into surrendering his money and property.

10. The defendants have since pursued aggressive collection and harassment efforts that have included completely needless litigation in federal court with the aid of the fraudulently obtained judgment in the State Court Case. (In the course of the federal litigation, Defendant H&V concealed the existence of a Stipulation admitting that Anderson violated the Plaintiff's automatic stay, from a bankruptcy judge which elicited comment from that Judge in issuing her Tentative Ruling). The Defendants' collection efforts have

imposed tremendous emotional stress on the Plaintiff and have crippled his ability to develop new business opportunities.

11. The Defendants have conspired directly and through their agents, officers and employees to tamper with the Plaintiff's mail; secure a fraudulent judgment based on a perjurious certification; defraud the State Court through the use of an electronic filing; and extort payment from the Plaintiff through e-mails, phone calls, and the harassment of needless litigation.

12. The Plaintiff was an international real estate developer and consultant, with projects in Louisiana and in other countries such as Panama, Uruguay, Nicaragua and Ecuador. The actions of the Defendants have impacted interstate and international commerce by inhibiting and interfering with the Plaintiff's ability to source and close transactions in California, Louisiana and other locations.

13. The Plaintiff asks that this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities described in more particularity in paragraph 7, Supra).

14. The Plaintiff asks this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

15. The Plaintiff asks this Court that all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently*

thereafter, from associating with any RICO *enterprise* of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

## **COUNT ONE:**

Acquisition and Maintenance of an Interest in and Control of
an *Enterprise* Engaged in a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(b)

16. Plaintiff realleges paragraphs 1-15 as if fully set out herein. Substance prevails over form.

17. At various times and places all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

18. During the six (6) and a half calendar years preceding June 12th, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities) including acts of mail fraud, wire fraud and extortion.

19. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(b) *supra* including the cynical corruption and manipulation of the State Court Case and the extortionate attempts to collect from the Plaintiff based on a default judgment which the Defendants knew (and subsequently

admitted that they knew) to be void ab ignition.

20. Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

21. Based on the legal doctrine of Respondeat Superior, a principal is legally responsible for the wrongful and illegal acts of its agents and sub-agents. Thus, not only are Anderson, H&V, and Moe's collectively liable for the illegal acts in their criminal conspiracy, but Anderson is also legally responsible for the acts of its agent H&V and its sub-agent Moe's. For this specific count, the principal Anderson is liable for the agents' and subagents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise.

**COUNT TWO:**

Conduct and Participation in a RICO *Enterprise*

through a *Pattern of Racketeering Activity*:

18 U.S.C. §§ 1961(5), 1962(c)

22. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

23. At various times and places partially enumerated in Plaintiff's Complaint above, all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

24. Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

25. During the six (6) and a half calendar years preceding June 12th, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

26. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner that they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra*.

27. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

### COUNT THREE:

Conspiracy to Engage in a

*Pattern of Racketeering Activity*:

18 U.S.C. §§ 1961(5), 1962(d)

28. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

29. At various times and places partially enumerated in Plaintiff's Complaint above all Defendants did conspire to acquire and maintain an interest in a RICO *enterprise*

engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(b) and (d).

30. At various times and places partially enumerated in Plaintiff's Complaint above, all Defendants did also conspire to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d). See also 18 USC 1708.

31. During the six (6) and a half calendar years preceding June 12th, 2018 all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

32. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner that they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of 18 U.S.C. 1962(d) (Prohibited activities *supra*).

33. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

## COUNT FOUR:

### Abuse of Process

34. The Plaintiff realleges paragraphs 1-15 as if fully set out herein.

35. Moe's false and perjurious certification of the Proof of Service; and mail tampering, which were acts taken as agent for all Defendants, were intentional usages of the court's process for purposes other than that for which the process was intended.

36. The Defendants' ulterior motive was to prevent the Plaintiff from demonstrating to the State Court that he was not personally liable on the Surprise contract with Anderson. Anderson could have negotiated a personal guarantee from the Plaintiff in its original contract but failed to do so.

37. The Plaintiff was harmed by the misuse of process by Defendants in that he incurred wrongful exposure to a massive personal liability that was extra-contractual; suffered extreme emotional distress as a result; and sustained interference with his commercial opportunities as a result.

## COUNT FIVE:

### Intentional Infliction Of Emotional Distress

38. The Plaintiff realleges paragraphs 1-15 as if fully set out herein.

39. The Defendants' actions in fraudulently certifying process and fraudulently obtaining a Default Judgment against the Plaintiff despite their awareness of his Bankruptcy filing were plainly outrageous.

40. The Defendants were aware that the Plaintiff was in a commercially and emotionally vulnerable state because of his business reverses and bankruptcy. The Defendants intended to inflict severe and unbearable emotional distress on the Plaintiff to pressure and/or extort him into a financial settlement despite the Defendants' knowledge that there was no reasonable basis for holding the Plaintiff financial liable for Surprise's contractual obligations.

41. The Plaintiff has in fact suffered severe emotional distress as a result of the Plaintiff's acts of fraud, oppression and coercion.

## COUNT SIX:

### Common Law Fraud

42. The Plaintiff realleges paragraphs 1-15 as if fully set out herein.

43. Under the California Rules of Court, the Defendants had a duty to disclose their Motion for Default in the State Court Case to the Plaintiff.

44. The Defendants failed to disclose and, in fact, concealed the pendency of their Default Motion in the State Court Case.

45. The Defendants intended that the Plaintiff rely on their non-disclosure and concealment and the Plaintiff did in fact rely. Had the Plaintiff been served with the lawsuit, he would have filed a Response in State Court (His first Response would have been to move to the proper venue of San Francisco, as well as to properly deny any personal liability). Had the Plaintiff known of the pendency of the Motion for Default he would have informed the State Court of his Chapter 7 Bankruptcy that the Defendants actions violated federal court orders and were *void ab initio.*

46. The Plaintiff has been damaged by the Defendants' fraudulent omission by having a default  lodged against him in a case which alleges and seeks millions of dollars for the judgment; this has caused him severe emotional distress and crippled his efforts to rebuild his business.  Family law court has imputed income of $100,000 per month to Plaintiff and the Defendants' actions and common law fraud have willfully and knowingly interfered with Plaintiff's ability to generate an income to support himself and his children.

## COUNT SEVEN:

### Breach of Fiduciary Duty

47. The Plaintiff realleges paragraphs 1-15 as if fully set out herein.

48. The Plaintiff retained Anderson to perform architectural, engineering and managing services, in effect to act as his expert and advisor for all project phases. Because the parties contemplated a sustained relationship over multiple projects, Anderson was also a valued partner of the Plaintiff.

49. Anderson touts itself on its web site as an expert in valuation, planning and budgeting as well as in design. Thus Anderson holds itself out as an advisor and consultant as well as a designer.

50. The Plaintiff personally reposed trust and confidence in Anderson's integrity and expertise.

51. Anderson was aware of all risks material to the Surprise project (including the risk that the team did not yet own the land) but advised the Surprise team, including the Plaintiff in the course of their only meeting, that the project was viable.

52. The Plaintiff relied on Anderson's professional advice. The Plaintiff also relied on Anderson to deal transparently and fairly with Plaintiff and with Surprise.

53. Had Anderson demanded a personal guarantee from the Plaintiff, he would have reconsidered the viability of the project and of his Anderson partnership. Anderson never asked for such a guarantee.

54. Anderson breached its fiduciary duties to the Plaintiff in at least the following ways:

      (a) Overstating the prospects for success despite Anderson's knowledge of serious obstacles;

(b) Concealing its intent to try to obtain a personal guarantee by stealth from the Plaintiff;

(c) Concealing the State Court Litigation and the unlawfully obtained Default judgment from the Plaintiff.

55. The Plaintiff has been damaged by the fiduciary breaches of Anderson identified in paragraph 54, sub-paragraphs (a) – (c) by having default lodged against him in a case which alleges and seeks millions of dollars for the judgment; this has caused him severe emotional distress and crippled his efforts to rebuild his business.

## RELIEF REQUESTED

*Wherefore*, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiff requests judgment against all named Defendants as follows:

### ON COUNT ONE:

1.    That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2.    That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO *enterprise* of *persons*, or of other individuals associated in fact, who are engaged in, or

14

whose activities do affect, interstate or foreign commerce.

3.     That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT ONE *supra*.

4.     That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s).

5.     That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

6.     That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

7.     That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), including Plaintiff's emotional distress according to the best available proof.

8.     That all Defendants pay to Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, photocopies, mail, travel, service, all non-judicial enforcement and all reasonable fees including any paralegal help Plaintiff may employ.

9.     That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for

the benefit of Plaintiff, his heirs and assigns.

10.    That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

## ON COUNT TWO:

1.    That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

2.    That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

3.    That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from associating with any RICO *enterprise* of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

4.    That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conducting or participating, either directly or indirectly, in the conduct of the affairs of any RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18

U.S.C. §§ <u>1961</u>(5) and <u>1962</u>(c) *supra*.

5.      That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in <u>COUNT TWO</u> *supra*.

6.      That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of <u>18 U.S.C. 1962</u>(c) *supra* and from all other violation(s) of applicable State and federal law(s).

7.      That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(c) *supra*, according to the best available proof.

8.      That all Defendants pay to Plaintiff treble (triple) damages, under authority of <u>18 U.S.C. 1964</u>(c), for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(c) *supra*, according to the best available proof.

9.      That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of <u>18 U.S.C. 1962</u>(c) *supra*, including Plaintiff's emotional distress according to the best available proof.

10.     That all Defendants pay to Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable fees.

11.     That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of <u>18 U.S.C. 1962</u>(c) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone

1    [*sic*], for the benefit of Plaintiff, his heirs and assigns.

2    12.    That Plaintiff have such other and further relief as this Court deems just and proper,

3    under the full range of relevant circumstances which have occasioned the instant action.

### ON COUNT THREE:

1.    That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ <u>1961</u>(5), <u>1962</u>(b) and (d) *supra*.

2.    That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ <u>1961</u>(5), <u>1962</u>(c) and (d) *supra*.

3.    That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO *enterprise* that engages in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ <u>1961</u>(5), <u>1962</u>(b) and (d) *supra*.

4.    That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ <u>1961</u>(5), <u>1962</u>(c) and (d) *supra*.

5.  That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in <u>COUNT THREE</u> *supra*.

6.  That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of <u>18 U.S.C. 1962</u>(d) *supra* and from all other violation(s) of applicable State and federal law(s).

7.  That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(d) *supra*, according to the best available proof.

8.  That all Defendants pay to Plaintiff treble (triple) damages, under authority of <u>18 U.S.C. 1964</u>(c), for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(d) *supra*, according to the best available proof.

9.  That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of <u>18 U.S.C. 1962</u>(d) *supra*, including Plaintiff's emotional distress and loss of business opportunities according to the best available proof.

10. That all Defendants pay to Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable fees.

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of <u>18 U.S.C. 1962</u>(d) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone

[*sic*], for the benefit of Plaintiff, his heirs and assigns.

12.    That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

### ON COUNT FOUR:

1.    That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their Abuse of Process including interference with ongoing business expectations, according to the best available proof.

2.    That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar litigation abuses in the future.  This Plaintiff asks the Court to consider the enormous scope of operations of SC Anderson and HV and to ensure that the financial punishment for these improper and illegal acts be large enough as to deter any thought of similar activities in the future.

3.    That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

### ON COUNT FIVE:

1.    That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their intentional infliction of emotional distress on Plaintiff including interference with ongoing business expectations, according to the best available proof.

2.    That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar outrageous conduct in the future.

3. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT SIX:

4. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their acts of fraudulent concealment directed at Plaintiff including interference with ongoing business expectations, according to the best available proof.

5. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar fraudulent conduct in the future.

6. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT SEVEN:

7. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their acts of fiduciary breach directed at Plaintiff including interference with ongoing business expectations, according to the best available proof.

8. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar acts of fiduciary breach in the future.

9. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action. RESPECTFULLY SUBMITTED on June 12th, 2018.



Carl A. Wescott. *Pro Se*  6/12

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**
MADERA SUPERIOR COURT

MAR 1 5 2018

**BONNIE THOMAS** CLERK

DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SURPRISE DEVELOPMENT, INC., a California corporation, SUNEET SINGAL, an individual, CARL WESCOTT, an individual,
[See Additional Parties Attachment]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
S.C. ANDERSON, INC., a California corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of the State of California, County of Madera<br>200 South "G" Street<br>Madera, CA 93637 | MCV070794 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George F. Vogt, Jr./SBN 107310    HERRIG & VOGT, LLP
4210 Douglas Blvd., Suite 100    916-960-1000
Granite Bay, CA  95746

| DATE: MAR 15 2018 | BONNIE THOMAS | Clerk, by | BRITTANY VELAZQUEZ | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. Carl Wescott, an individual
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | CEB Essential Forms | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

S.C. ANDERSON

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| S.C. ANDERSON, INC. v. SURPRISE DEVELOPMENT, INC., Et al. | MCV070794 |

### INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

STERLING PACIFIC LENDING, INC., a California corporation, dba STERLING PACIFIC FINANCIAL, JOSHUA FISCHER, an individual, STERLING REAL ESTATE PARTNERS II, LLC, a California limited liability company, R. WAYNE MOLES, an individual, LARRY PISTORESI, JR., an individual, GERALD FISCHER, an individual, VILLA DEL SOL SENIOR HOUSING, LLC, a California limited liability company, and DOES 1 through 100, inclusive

Page ___2___ of ___2___

Page 1 of 1

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons    S.C. ANDERSON



Eχ.HIBIT A

FILED/ENDORSED

JUN 10 2014

BY: Erica Medina
DEPUTY CLERK

1  GEORGE F. VOGT, JR. (SBN 107310)
2  GINA L. MOYLES (SBN 208222)
   **HERRIG & VOGT, LLP**
3  4210 Douglas Boulevard, Suite 100
   Granite Bay, CA 95746
   Telephone: (916) 960-1000
4  Facsimile: (916) 960-1005

5  Attorneys for Plaintiff,
   S.C. ANDERSON, INC., a California corporation

6

7

8              **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **COUNTY OF SACRAMENTO**

10  S.C. ANDERSON, INC., a California          Case No: 34-2012-00123353
    corporation,
11                                              **THIRD AMENDED COMPLAINT FOR:**
                    Plaintiff,
12                                              **1. BREACH OF CONTRACT**
    vs.                                         **2. MONEY LENT**
13                                              **3. INTENTIONAL MISREPRESENTATION**
    SURPRISE DEVELOPMENT, INC. a California    **4. NEGLIGENT MISREPRESENTATION**
14  corporation, SUNEET SINGAL, an individual, **5. CIVIL CONSPIRACY**
    CARL WESCOTT, an individual, STERLING      **6. THEFT/CONVERSION**
15  PACIFIC LENDING, INC., a California
    corporation, dba STERLING PACIFIC
16  FINANCIAL, JOSHUA FISCHER, an
    individual, STERLING REAL ESTATE
17  PARTNERS II, LLC, a California limited
    liability company, R. WAYNE MOLES, an
18  individual, LARRY PISTORESI, JR., an
    individual, GERALD FISCHER, an individual, **BY FAX**
19  VILLA DEL SOL SENIOR HOUSING, LLC, a
    California limited liability company, and DOES
20  1 through 100, inclusive,

21                    Defendants.

22

23          Plaintiff, S.C. ANDERSON, INC., a California corporation (hereinafter referred to as

24  "ANDERSON") alleges as follows:

25          <u>**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**</u>

26          1.      ANDERSON is, and at all times herein mentioned was, a corporation organized and

27  existing under the laws of the State of California, with its principal place of business in Kern County,

28  California, engaged in the business of providing general contracting services and duly licensed by the

HERRIG & VOGT, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5900

1  GEORGE F. VOGT, JR. (SBN 107310)
   GINA L. MOYLES (SBN 208222)
2  HERRIG & VOGT, LLP
   4210 Douglas Boulevard, Suite 100
3  Granite Bay, CA 95746
   Telephone: (916) 960-1000
4  Facsimile: (916) 960-1005

5  Attorneys for Plaintiff,
   S.C. ANDERSON, INC., a California corporation
6

7

RECEIVED
IN DROP BOX

2014 JUN 10  PM 2: 1:8

GOSUC COURTHOUSE
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SACRAMENTO

8          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SACRAMENTO

10  S.C. ANDERSON, INC., a California         Case No: 34-2012-00123353
    corporation,
11                                            THIRD AMENDED COMPLAINT FOR:
                   Plaintiff,
12                                            1. BREACH OF CONTRACT
    vs.                                       2. MONEY LENT
13                                            3. INTENTIONAL MISREPRESENTATION
    SURPRISE DEVELOPMENT, INC. a California   4. NEGLIGENT MISREPRESENTATION
14  corporation, SUNEET SINGAL, an individual, 5. CIVIL CONSPIRACY
    CARL WESCOTT, an individual, STERLING     6. THEFT/CONVERSION
15  PACIFIC LENDING, INC., a California
    corporation, dba STERLING PACIFIC
16  FINANCIAL, JOSHUA FISCHER, an
    individual, STERLING REAL ESTATE
17  PARTNERS II, LLC, a California limited
    liability company, R. WAYNE MOLES, an
18  individual, LARRY PISTORESI, JR., an             BY FAX
    individual, GERALD FISCHER, an individual,
19  VILLA DEL SOL SENIOR HOUSING, LLC, a
    California limited liability company, and DOES
20  1 through 100, inclusive,

21                 Defendants.

22

23        Plaintiff, S.C. ANDERSON, INC., a California corporation (hereinafter referred to as

24  "ANDERSON") alleges as follows:

25        <u>GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

26        1.    ANDERSON is, and at all times herein mentioned was, a corporation organized and

27  existing under the laws of the State of California, with its principal place of business in Kern County,

28  California, engaged in the business of providing general contracting services and duly licensed by the

HERRIG & VOGT, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902

1    California Contractors State License Board at all times relevant to this action.

2        2.    ANDERSON is informed and believes and thereon alleges that defendant CARL

3    WESCOTT and DOES 1 through 100 (hereinafter "WESCOTT") is, and at all times herein mentioned

4    was, an individual residing in California and was at the time of the actions alleged in this Complaint,

5    holding himself out as President of defendant SURPRISE DEVELOPMENT, INC.

6        3.    ANDERSON is informed and believes and thereon alleges that defendant SUNEET

7    SINGAL and DOES 1 through 100 (hereinafter "SINGAL") is, and at all times herein mentioned was,

8    an individual residing in California and was at the time of the actions alleged in this Complaint,

9    holding himself out as a partner and owner of defendant SURPRISE DEVELOPMENT, INC.

10        4.    ANDERSON is informed and believes and thereon alleges that defendant SURPRISE

11    DEVELOPMENT, INC. and DOES 1 through 100 (hereinafter "SURPRISE") is, and at all times

12    herein mentioned was, a California corporation organized and existing under the laws of the State of

13    California with its principal place of business in San Francisco County, California.

14        5.    ANDERSON is informed and believes and thereon alleges that defendant JOSHUA

15    FISCHER and DOES 1 through 100 (hereinafter "JFISCHER") is, and at all times herein mentioned

16    was, an individual residing in California and was at the time of the actions alleged in the Complaint,

17    holding himself out as President of defendant STERLING PACIFIC LENDING, INC. and managing

18    member of defendant STERLING REAL ESTATE PARTNERS II, LLC.

19        6.    ANDERSON is informed and believes and thereon alleges that defendant GERALD

20    FISCHER and DOES 1 through 100 (hereinafter "GFISCHER") is, and at all times herein mentioned

21    was, an individual residing in California and was at the time of the actions alleged in the Complaint

22    acting as managing member of defendant STERLING REAL ESTATE PARTNERS II, LLC.

23        7.    ANDERSON is informed and believes and thereon alleges that defendant STERLING

24    PACIFIC LENDING, INC. dba STERLNG PACIFIC FINANCIAL and DOES 1 through 100

25    (hereinafter "STERLING, INC.") is, and at all times herein mentioned was, a California corporation

26    organized and existing under the laws of the State of California with its principal place of business in

27    Santa Cruz County, California.

28    ///

Herring & Vogt, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902

8.     ANDERSON is informed and believes and thereon alleges that defendant STERLING REAL ESTATE PARTNERS II, LLC and DOES 1 through 100 (hereinafter "STERLING, LLC") is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California with its principal place of business in Fresno County, California.

9.     ANDERSON is informed and believes and thereon alleges that defendant R. WAYNE MOLES and DOES 1 through 100 (hereinafter "MOLES") is, and at all times herein mentioned was, an individual residing in California and was at the time of the actions alleged in this Complaint, holding himself out as President and managing member of defendant VILLA DEL SOL SENIOR HOUSING, LLC.

10.     ANDERSON is informed and believes and thereon alleges that defendant LARRY PISTORESI, JR. and DOES 1 through 100 (hereinafter "PISTORESI") is, and at all times herein mentioned was, an individual residing in California and was at the time of the actions alleged in this Complaint, holding himself out as Secretary and managing member of defendant VILLA DEL SOL SENIOR HOUSING, LLC.

11.     ANDERSON is informed and believes and thereon alleges that defendant VILLA DEL SOL SENIOR HOUSING, LLC and DOES 1 through 100 (hereinafter "VILLA DEL SOL") is, and at all times herein mentioned was, a California limited liability company organized and existing under the laws of the State of California with its principal place of business in Madera County, California.

12.     ANDERSON is informed and believes and thereon alleges that there exists and at all times herein mentioned existed a unity of interest and ownership between SINGAL, WESCOTT and SURPRISE, and each of them (hereinafter "SURPRISE GROUP"), such that any individuality and separateness between them have ceased, and that each of the above-named parties is the alter-ego of the other in the matters alleged herein, in that the assets and management have been intermingled, formalities have not been maintained, and a separate identity is merely a shell in order to evade liability. Adherence to the fiction of the separate existence of SINGAL, WESCOTT, and SURPRISE, and each of them, as separate entities separate and distinct from the other would promote an injustice in that they acted in concert in a scheme to defraud and deceive and conspired together to fraud and deceive ANDERSON.

Herrig & Vogt, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902

- 3 -

13.     ANDERSON is informed and believes and thereon alleges that there exists and at all times herein mentioned existed a unity of interest and ownership between GFISCHER, JFISCHER, STERLING, LLC, and STERLING, INC., and each of them (hereinafter "STERLING GROUP"), such that any individuality and separateness between them have ceased, and that each of the above-named parties is the alter-ego of the other in the matters alleged herein, in that the assets and management have been intermingled, formalities have not been maintained, and a separate identity is merely a shell in order to evade liability. Adherence to the fiction of the separate existence of GFISCHER, JFISCHER, STERLING, LLC, and STERLING, INC., and each of them, as separate entities separate and distinct from the other would promote an injustice in that they acted in concert in a scheme to defraud and deceive and conspired together to fraud and deceive ANDERSON.

14.     ANDERSON is informed and believes and thereon alleges that there exists and at all times herein mentioned existed a unity of interest and ownership between MOLES, PISTORESI, and VILLA DEL SOL, and each of them (hereinafter "VILLA DEL SOL GROUP"), such that any individuality and separateness between them have ceased, and that each of the above-named parties is the alter-ego of the other in the matters alleged herein, in that the assets and management have been intermingled, formalities have not been maintained, and a separate identity is merely a shell in order to evade liability. Adherence to the fiction of the separate existence of MOLES, PISTORESI, and VILLA DEL SOL, and each of them, as separate entities separate and distinct from the other would promote an injustice in that they acted in concert in a scheme to defraud and deceive and conspired together to fraud and deceive ANDERSON.

15.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to ANDERSON at this time, and ANDERSON therefore sues said defendants and each of them by such fictitious names. ANDERSON will seek leave to amend this Complaint to show their true names and capacities when the same has been ascertained.

16.     ANDERSON is informed and believes and thereon alleges that each of the Defendants named herein, including Defendants sued by such fictitious names are, and at all times herein mentioned were, the duly authorized agent of each other Defendant and in doing the things herein

- 4 -

THIRD AMENDED COMPLAINT

mentioned. Defendants and each of them, were acting within the course and scope of said agency, that said Defendants, including fictitiously named Defendants, are responsible in some manner for the breaches and defaults herein alleged, and that ANDERSON's damages herein alleged were caused by said Defendants.

17.    Defendants DOES 1 through 100, inclusive, have, or claim to have, an interest in THE PROPERTY, the exact nature of which is unknown to ANDERSON. ANDERSON is ignorant of the true names, interests, rights, and capacities of defendants sued as DOES 1 through 100, inclusive, and therefore sues these defendants by those fictitious names. ANDERSON will amend this complaint to allege their true names, rights, interests, and capacities when they are ascertained.

18.    ANDERSON is informed and believes and thereon alleges that on or about March 5, 2008, VILLA DEL SOL became owners of the real property located in Chowchilla, California that is the subject of this action, which is known as APN: 014-020-031 and legally described as Lot 94 of Tract No. 05-07, Montgomery Farms – Phase 1, according to the map thereof recorded August 9, 2006 in Book 56 Pages 52 through 59 of Maps, Madera County Records (hereinafter "THE PROPERTY").

19.    ANDERSON is informed and believes and thereon alleges that on or about March 20, 2008, VILLA DEL SOL executed a Deed of Trust against THE PROPERTY in favor of STERLING, INC. to secure the payment of a debt (hereinafter "STERLING GROUP's DEED OF TRUST") memorialized in a written promissory note in the amount of $2,470,000 (hereinafter "Sterling Note"). ANDERSON is informed and believes and thereon alleges that pursuant to the terms of the above promissory note, VILLA DEL SOL's entire loan amount of $2,470,000 was to be re-paid by October 1, 2008.

20.    ANDERSON is informed and believes and thereon alleges that on or about February 18, 2009 STERLING, INC. recorded a Notice of Default against THE PROPERTY because VILLA DEL SOL defaulted on the Sterling Note.

21.    ANDERSON is informed and believes and thereon alleges that in and around March 2009, the STERLING GROUP introduced SINGAL to MOLES and PISTORESI to begin discussions regarding the formation of a joint venture to develop THE PROPERTY into an assisted living facility. ANDERSON is informed and believes and thereon alleges that at all times relevant to these

Herrig & Vogt, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902

1    discussions. the STERLING GROUP and the SURPRISE GROUP were acting in concert to convince

2    MOLES and PISTORESI to form a joint venture with the SURPRISE GROUP where MOLES and

3    PISTORESI would surrender seventy-five (75%) to eighty-five (85%) of their ownership interest in

4    THE PROPERTY (which was in default) in exchange for SINGAL's services to develop THE

5    PROPERTY into an assisted living facility and obtain HUD financing/funding for the project.

6    SINGAL was also to ensure that STERLING GROUP's DEED OF TRUST was paid off.

7        22.    ANDERSON is informed and believes and thereon alleges that at all times relevant to

8    this action the STERLING GROUP and the SURPRISE GROUP were members of a joint venture that

9    was formed for the common purpose of developing an assisted living facility in Chowchilla,

10    California located on THE PROPERTY (hereinafter "Joint Venture").

11        23.    ANDERSON is informed and believes and thereon alleges that on or about April 15,

12    2009, the SURPRISE GROUP as part of the Joint Venture, approached Steven Anderson in Kern

13    County and proposed a project wherein ANDERSON would advance the funds for architectural

14    design drawings prepared by ANDERSON sufficient to obtain HUD funding for the above assisted

15    living facility on THE PROPERTY.

16        24.    At all times during contract negotiations between ANDERSON and the SURPRISE

17    GROUP that occurred on or about April 15, 2009 through on or about July 30, 2009 regarding the

18    above project, SINGAL and WESCOTT misrepresented to ANDERSON that SURPRISE was the

19    owner of THE PROPERTY, and concealed the fact that THE PROPERTY was in foreclosure to

20    STERLING INC. ANDERSON is informed and believes and thereon alleges that the above

21    misrepresentation and/or concealment were made in furtherance of the Joint Venture.

22        25.    During the above contract negotiations and in order to convince ANDERSON to enter

23    into a contract with SURPRISE, SINGAL and WESCOTT misrepresented that SURPRISE as owner

24    would execute a Deed of Trust in favor of ANDERSON to secure all costs incurred by ANDERSON

25    for design-related services for the above assisted living facility project so that ANDERSON would

26    receive payment for its work irrespective of whether the HUD funding was secured or not.

27    ANDERSON is informed and believes and thereon alleges that the above misrepresentation was made

28    in furtherance of the Joint Venture.

*Herrig & Vogt, LLP*
*Attorneys at Law*
*4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902*

26.    In reliance on the above representations and the concealment by SINGAL, SURPRISE, and WESCOTT, on or about July 30, 2009 ANDERSON entered into an agreement with SURPRISE in Kern County for ANDERSON to provide design-related services for the assisted living facility to be constructed on THE PROPERTY (hereinafter "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**. The Agreement contained the following terms:

(1)    Section 6.2.2.5 of the Agreement stated that in order to secure payment of preconstruction services provided by ANDERSON, SURPRISE shall execute a deed of trust against THE PROPERTY in the form attached as Exhibit A to the Agreement. The deed of trust attached as Exhibit A to the Agreement stated SURPRISE was the owner of THE PROPERTY.

(2)    Section 10.3 of the General Conditions of the Agreement provided that in the event of litigation arising out of or relating to the Agreement, the prevailing party is entitled to reasonable attorneys fees and expenses.

27.    On or about August 7, 2009 SURPRISE signed the Agreement. ANDERSON is informed and believes and thereon alleges that SURPRISE entered into the Agreement in furtherance of the Joint Venture.

28.    On or about August 14, 2009, ANDERSON learned for the first time that SURPRISE did not own THE PROPERTY when SINGAL sent an email to ANDERSON stating:

"I just got a call from the land lender on Chowchilla saying they were foreclosing on the previous partner and taking them out. Surprise will control the asset 100% instead of the partnership split. Hold off on the deed of trust for a few weeks since it will probably end up being signed by the bank if the other group loses control of the asset. I was going to have you send them the deed, but wasn't aware they were being taken out of the deal by their bank. It is great for our group and the bank, but not the previous developer."

29.    On or about August 17, 2009, SINGAL emailed ANDERSON the owner's information for THE PROPERTY so the deed of trust could be revised to reflect the true owner of THE PROPERTY, VILLA DEL SOL. SINGAL provided further assurances to ANDERSON stating that THE PROPERTY will likely go through foreclosure but in any case a new deed will be issued to ANDERSON because SURPRISE would be the owner. ANDERSON is informed and believes and thereon alleges that SINGAL made the above assurances to ANDERSON in furtherance of the Joint

- 7 -

THIRD AMENDED COMPLAINT

HETTIG & VOGT, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902