Keith D. Cable, Esq., SBN 170055
**CABLE LAW**
101 Parkshore Drive, Suite 100
Folsom, CA 95630
916/608-7995 Tel.
916/608-7986 Fax

Attorneys for Defendant
MOE'S PROCESS SERVING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ALEXANDER WESCOTT, | Case No.: 3:17-cv-05676-LB |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| vs. | |
| SC ANDERSON, INC.; HERRIG & VOGT, LLP; MOE'S PROCESS SERVING, INC.; | Date: August 23, 2018<br>Time: 9:30 a.m.<br>Location: U.S. District Court, Northern District, Courtroom C – 15th Floor, San Francisco, CA<br>Judge: Hon. Laurel Beeler<br>Action Filed: October 2, 2017<br>Trial Date: None |
| Defendants. | |

Defendant MOE'S PROCESS SERVING, INC. ("Moe's") respectfully submits this memorandum of points and authorities in support of its motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Carl Alexander Wescott ("Plaintiff").

## I. INTRODUCTION.

On May 21, 2018, this Court granted co-Defendants SC ANDERSON, INC. and HERRIG & VOGT, LLP's motion to dismiss Plaintiff's initial Complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint failed to state a civil RICO claim. However, the Court granted Plaintiff leave to file an amended complaint. Plaintiff's FAC fails to state a claim for which relief may be granted, and the FAC should be dismissed in its entirety under Rule 12(b)(6) without leave to amend. The FAC includes the allegations in Plaintiff's original complaint, and further alleges that Moe's violated the RICO statute by tampering with Plaintiff's mail "in an attempt to extort the Plaintiff". The FAC's first, second and third causes of action fail to state a claim under the Racketeer Influenced and Corrupt Practices Act (RICO), 18 U.S.C. § 1961 et seq., and the claims are barred by the four-year statute of limitations. In particular, the allegations do not allege actual fraud or a violation of any criminal statute. The FAC's fourth, fifth, six and seventh causes of action attempt to state claims arising under California state law, and those causes of action fail as well.

## II. ALLEGATIONS IN THE FAC.

The FAC alleges the following "predicate acts" that Plaintiff claims constitute RICO violations committed by Moe's, to wit:

a)    On October 31, 2011 and November 1, 2011, Moe's violated 18 U.S.C. § 1961 by allegedly certifying and transmitting by mail and wire a fraudulent proof of service stating

that it had served Plaintiff with the summons and complaint in the underlying state court action in Kern County ("State Court Action"). (FAC ¶ 7(c).)

b) During the same time period, Plaintiff alleges that Moe's unlawfully gained access to his mailbox and allegedly tampered with his mail in violation of 18 U.S. Code § 1708. (FAC ¶ 7(d).) Plaintiff further alleges that accessing and tampering with his mail was intended by Moe's "to extort the Plaintiff within the meaning of 18 USC 375 et seq." Id.

The FAC fails to allege any act by Moe's or any other defendant that could constitute "racketeering activity" as defined under 18 U.S.C. § 1961. The FAC's first cause of action alleges that Moe's and the other defendants acquired or maintained an interest in or control of a RICO enterprise affecting interstate commerce, actionable under 18 U.S.C. § 1962(b). (FAC ¶ 17-21.)

The FAC's second cause of action alleges that the defendants' acts were conducted as an "enterprise" through a "pattern of racketeering activity", in violation of 18 U.S.C. §§ 1961(4),(5),and (9) and 1962(c). (FAC ¶ 22-27.)

The FAC's third cause of action alleges that the defendants "did conspire" to conduct and participate in a "RICO enterprise through a pattern of racketeering activity", actionable under 18 U.S.C. §§ 1962(c),(d). (FAC ¶ 28-33.) The first three causes of action fail to state an actionable RICO claim against Moe's or any other defendant. In particular, the facts alleged in the FAC do not state facts giving rise to an actionable RICO claim under 18 U.S.C. § 1341

1    (relating to mail fraud), and 18 U.S.C. § 1343 (relating to wire fraud), or any other Federal

2    criminal statute listed in 18 U.S.C. § 1361(1).

3      The FAC's fourth, fifth, sixth and seventh causes of action attempt, but fail, to allege

4    claims actionable under state law. The fourth cause of action alleges that Moe's use of a

5    perjurious proof of service and mail tampering constituted abuse of process by all

6    defendants. (FAC ¶ 34-37.) The fifth cause of action alleges that the defendants acted

7    intentionally, causing Plaintiff to suffer extreme emotional distress. (FAC ¶ 38-41.) The FAC's

8    sixth cause of action for common law fraud alleges that the defendants concealed and failed

9    to disclose the pendency of the default motion filed in the underlying State Court Action. (FAC

10   ¶ 42-46.) The FAC's seventh cause of action alleges that defendant SC Anderson breached a

11   fiduciary duty it purportedly owed to Plaintiff. ¶ 47-55.)

12     The FAC fails to state a claim upon which relief may be granted and should be

13   dismissed in its entirety under Federal Rule of Civil Procedure 12(b)(6). The FAC fails to

14   meet the pleading standards for fraud required by Federal Rule of Civil Procedure 9. The

15   alleged fraud and RICO violations took place more than five years before Plaintiff's initial

16   Complaint was filed in this action and those claims are barred by applicable statutes of

17   limitation. The defects in the FAC cannot be cured by amendment and should be dismissed

18   without leave to amend.

19          **III. ARGUMENT.**

20     **A.**   **Standards for dismissal under Rule 12(b)(6).**

1    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed

2 for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

3 Dismissal may be based on either the lack of a cognizable legal theory or the absence of

4 sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901

5 F.2d 696, 699 (9th Cir.1988); <u>Robertson v. Dean Witter Reynolds, Inc.</u>,749 F.2d 530, 533-34

6 (9th Cir.1984). For purposes of evaluating a motion to dismiss, the court "must presume all

7 factual allegations of the complaint to be true and draw all reasonable inferences in favor of

8 the nonmoving party." <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir.1987).

9 Review is generally limited to the pleadings in the complaint in determining a Rule 12(b)(6)

10 motion, but the Court may consider material which is properly submitted as part of the

11 complaint and may take judicial notice under Fed. R. Evid. 201 of matters of public record.

12 <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-689 (9th Cir. 2001). The complaint must plead

13 "enough facts to state a claim [for] relief that is plausible on its face." <u>Bell Atlantic. Corp. v.</u>

14 <u>Twombly</u>, 550 U.S. 544, 570,127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Thus, "for a complaint

15 to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences

16 from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." <u>Moss</u>

17 <u>v. U.S. Secret Serv.</u>, 572 F.3d 962, 969 (9th Cir.2009).

18    **B.    Pleading requirements under RICO.**

19    In order to state a RICO claim, the plaintiff must allege predicate acts involving

20 conduct that is "chargeable" or "indictable," and "offense[s]" that are "punishable," under the

21

22

23

24

MEMO OF P'S & A'S IN SUPPORT OF MTD FAC

25

Federal criminal statutes listed in 18 U.S.C. § 1961(1). A racketeering activity must be an act in itself that is subject to criminal sanction. <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 488, 105 S.Ct. 3275, 3280-3281, 87 L.Ed.2d 346 (1985).

18 U.S.C. § 1962(b) provides: "It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." Section 1962(c) provides: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

"To state a claim under 18 U.S.C. § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." <u>Odom v. Microsoft Corp.</u>, 486 F.3d 541, 547 (9th Cir. 2007) (en banc).  A " 'pattern' . . . requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). " '[R]acketeering activity' is any act indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud and obstruction of justice." <u>Turner v. Cook</u>, 362 F.3d 1219,1229 (9th Cir.2004); <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 557-558 (9th Cir. 2010). A "pattern" of racketeering activity requires proof that the racketeering predicates are related

1    and "that they amount to or pose a threat of continued criminal activity." <u>H.J. Inc. v.</u>

2    <u>Northwestern Bell Tel. Co.</u>, 492 U.S. 229,239,109 S.Ct. 2893,106 L.Ed.2d 195 (1989).

3          The FAC fails to allege a single act committed Moe's or any other defendant that could

4    be punishable under the Federal criminal statutes listed in 18 U.S.C. § 1961(1), let alone a

5    pattern of racketeering activity as defined by the RICO statutes.

6          **C.    The FAC fails to allege an actionable claim for wire fraud or mail fraud.**

7          The mail fraud statute, 18 U.S.C. § 1341, imposes criminal liability upon anyone who

8    devises "any scheme or artifice to defraud, or for obtaining money or property by means of

9    false or fraudulent pretenses, representations or promises," and uses the United States mails

10   "for the purpose of executing such scheme or artifice or attempting so to do."  Wire or mail

11   fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2)

12   use of the United States mails or wires, or causing such a use, in furtherance of the scheme;

13   and (3) specific intent to deceive or defraud. <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>,

14   806 F.2d 1393, 1400 (9th Cir. 1986); <u>United States v. Jinian</u>, 725 F.3d 954, 960-61 (9th Cir.

15   2013) (wire fraud). The term "defraud" in the mail fraud statute is given its established

16   common law meaning. As a result, courts must look to common law to determine whether a

17   plaintiff has stated a claim of actionable fraud under RICO. <u>Miller v. Yokohama Tire Corp.</u>,

18   358 F.3d 616, 621(9th Cir.2004).

19          Federal Rule of Civil Procedure 9(b)'s requirement that "in all averments of fraud or

20   mistake, the circumstances constituting fraud or mistake shall be stated with particularity"

21

22

23

24
     MEMO OF P'S & A'S IN SUPPORT OF MTD FAC
25

1    applies to civil RICO fraud claims. <u>Alan Neuman Prods., Inc. v. Albright</u>, 862 F.2d 1388, 1392

2    (9th Cir. 1989). To avoid dismissal for inadequacy under Rule 9(b), the complaint must "state

3    the time, place, and specific content of the false representations as well as the identities of

4    the parties to the misrepresentation." <u>Id</u>. at 1393.

5         "The elements which must be pleaded to plead a fraud claim are '(a) misrepresentation

6    (false representation, concealment or nondisclosure); (b) knowledge of falsity (or "scienter");

7    (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting

8    damage.'" <u>Agricultural Ins. Co. v. Superior Court</u> (1999) 70 Cal.App.4th 385, 402. To state a

9    cause of action based on concealment, the plaintiff must also allege that the defendant

10   concealed a fact from the plaintiff and was under a duty to disclose the fact to the plaintiff.

11   <u>Marketing West, Inc. v. Sanyo Fisher (USA) Corp.</u> (1992) 6 Cal.App. 4th 603, 612-613.

12        Plaintiff does not state an actionable fraud claim against Moe's, and the FAC fails to

13   state a claim for wire or mail fraud under the RICO statutes. The FAC alleges that Plaintiff's

14   default was obtained through fraud but fails to include any allegation that the default resulted

15   from any fraudulent misrepresentation made to Plaintiff by Moe's or any other named

16   defendant.

17        **D.**    **The FAC fails to state a claim under 18 U.S.C. § 1708.**

18        The FAC alleges that Moe's unlawfully gained access to Plaintiff's mailbox and

19   tampered with his mail in violation of 18 U.S. Code § 1708. While Section 1708 imposes

20   criminal penalties for theft or destruction of mail placed in an authorized mail receptacle,

21

22

23

24

25

opening a mailbox or "tampering" with mail is not prohibited by the statute. 18 U.S.C. § 1708. The FAC does not allege facts sufficient to state a claim for violation of Section 1708, and Section 1708 is not included within the definition of "racketeering activities" under 18 U.S.C. § 1961. The FAC's allegation that Moe's unlawfully gained access to Plaintiff's mailbox and tampered with his mail does not support a RICO claim.

**E.    The FAC fails to allege a claim for extortion Under RICO.**

The FAC alleges that Moe's tampering with Plaintiff's mail was intended by Moe's "to extort the Plaintiff within the meaning of 18 USC 375 et seq." (FAC ¶ 7(d).)

The Hobbs Act defines "extortion" as the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). The elements of extortion under federal and California law are substantially the same. Rothman v. Vedder Park Mgmt., 912 F.2d 315, 317-318 (9th Cir.1990). Threats of economic harm made to obtain property from another are not generally considered "wrongful," where the alleged extortioner has a legitimate claim to the property obtained through such threats. Levitt v. Yelp! Inc., 765 F.3d 1123, 1130 (9th Cir. 2014). "[T]o state a claim of economic extortion under both federal and California law, a litigant must demonstrate either that he had a preexisting right to be free from the threatened harm, or that the defendant had no right to seek payment for the service offered. Id. at 1133.

Here, the FAC's allegations are completely silent as to how Moe's purported "fraudulent" proof of service or it's purported mail tampering was somehow designed to extort

money or property from Plaintiff, or that Moe's threatened Plaintiff in some way. As such, Plaintiff has failed to plead a claim of extortion against Moe's and the claim must be dismissed.

**F.    The FAC fails to state a claim for conspiracy to violate RICO.**

The FAC's third cause of action for conspiracy to violate RICO fails to state a claim under 18 U.S.C. § 1962(d). Under Section 1962(d), "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." "To establish a violation of section 1962(d), Plaintiffs must allege either an agreement that is a substantive violation of RICO or that the defendants agreed to commit, or participated in, a violation of two predicate offenses. " Howard v. America Online Inc., 208 F.3d741, 751 (9th Cir.2000). "To show a pattern under RICO, Plaintiffs must prove that there are a sufficient number of predicate acts 'indictable' as mail or wire fraud. *See* 18 U.S.C. §§ 1961(1)(B), 1962(c). Citing acts as a part of a RICO pattern, without proving that they are indictable, is not sufficient." Id. at 748. "Plaintiffs cannot claim that a conspiracy to violate RICO existed if they do not adequately plead a substantive violation of RICO". Id. at 751. The failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy. Turner v. Cook, 362 F.3d 1219, 1231 n. 17 (9th Cir. 2004).

Here, Plaintiff is precluded from claiming that Moe's or any other defendant conspired to violate RICO because the FAC fails to plead any actionable RICO violation by Moe's or any other named defendant.

### G.    The filing of a proof of service is absolutely privileged under California's litigation privilege, California Civil Code § 47(b)

With certain exceptions, California Civil Code § 47(b) provides an absolute privilege for a publication filed in a judicial proceeding (e.g., the litigation privilege). The litigation privilege protects any communication (l) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. Rusheen v. Cohen (2006) 37 Cal.4th 1048, 1058. "The purposes of section 47, subdivision (b), are to afford litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions, to encourage open channels of communication and zealous advocacy, to promote complete and truthful testimony, to give finality to judgments, and to avoid unending litigation." Id. at 1063. The privilege has been extended to *any* communication, whether or not it is a publication, and to *all* torts other than malicious prosecution. Edwards v. Centex Real Estate Corp. (1997) 53 Cal.App.4th 15, 29.

The "[p]leadings and process in a case are generally viewed as privileged communications." Navellier v. Sletten (2003) 106 Cal.App.4th 763, 770. The privilege has been applied specifically in the context of abuse of process claims alleging the filing of false or perjurious testimony or declarations. Pollock v. University of Southern California (2003) 112 Cal.App.4th 1416, 1431 [declaration "functions as written testimony," is a "communication, not conduct," and "is exactly the sort of communication the privilege is designed to protect"]; Pettitt v. Levy (1972) 28 Cal.App.3d 484, 489 ["[p]reparing and

presenting false documents is equivalent to the preparation and presentation of false testimony"]; Carden v. Getzoff (1987) 190 Cal.App.3d 907, 913-915 [claim that expert witness had manufactured false evidence for former wife in dissolution action was privileged].)

Here, the fourth cause of action for abuse of process falls clearly within the protections afforded by the litigation privilege and must be dismissed with prejudice. Likewise, the fifth, sixth and seventh causes of action directly arise out of the protected activity of filing a proof of service and are similarly barred by the litigation privilege under California Civil Code § 47.

**H.    All causes of action alleged in the FAC are barred by applicable statutes of limitation.**

A statute of limitations defense may be raised by a motion to dismiss "[if] the running of the statute is apparent on the face of the complaint." Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484, n. 1 (9th Cir.1987). The statute of limitations for civil RICO actions is four years. Pincay v. Andrews, 238 F.3d I106, 1108 (9th Cir. 2001). Under the "injury discovery" rule, "the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." Id. at 1106. A plaintiff is deemed to have "constructive knowledge" of a cause of action under the "should know" prong when he "ha[s] enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." Id. at 1110. Reasonable diligence is tested by an objective standard. A plaintiff is required to tender sufficient evidence to raise a genuine issue of material fact as to when they knew of or should have discovered the fraud, and when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have

discovered the fraudulent conduct, the issue may be resolved summarily. <u>Kramas v. Security Gas & Oil Inc.</u>, 672 F.2d 766, 770 (9th Cir. 1982).

Plaintiff alleges that the predicate acts constituting RICO violations all occurred in 2011, more than five years before October 2, 2017, the date Plaintiff filed his initial complaint. Request for Judicial Notice, **Exhibit A**. The running of the four-year RICO statute of limitations is apparent from the face of the FAC.

Plaintiff filed a Chapter 7 bankruptcy petition with the United States Bankruptcy Court for the Northern District of California on January 17, 2012 commencing the bankruptcy case styled <u>In re Carl Alexander Plaintiff and Monette Rosemarie Stephens</u>, Ch. 7 Case No. 12-30143. (Request for Judicial Notice, **Exhibit B**). In response to Item 4.a of the Statement of Financial Affairs, Plaintiff identifies lawsuits that he was a party to when he filed bankruptcy. (Request for Judicial Notice, **Exhibit C,** p. 17). In response to Item 4.a., Plaintiff listed the lawsuit filed by co-defendant SC Anderson which is the subject of the operative Complaint. <u>Id</u>. Under "Status and Disposition" of co-defendant SC Anderson's lawsuit, Plaintiff states: "preliminary stages-service has not happened (though plaintiff claims it has and seeks a judgment)". <u>Id</u>.

As such, Plaintiff had actual notice that Moe's and other co-defendants were claiming that he had been served with the summons and complaint in the underlying State Court Action.  At that point, Plaintiff clearly had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud he alleges here. The

1    four-year RICO statute of limitations clearly began as of February 2, 2012 and lapsed by

2    February 2, 2016. Plaintiff filed his initial Complaint on October 2, 2017 and therefore his

3    RICO claims are clearly time-barred by the four-year statute of limitations.

4         Additionally, the FAC's fourth cause of action for abuse of process and fifth cause of

5    action for intentional infliction of emotional distress are barred by the two-year statute of

6    limitations under California law, which began on the date of the alleged abuse or injury,

7    whichever is later. Cal. Code of Civ. Proc. § 335.1; <u>Cantu v. Resolution Trust Corp.</u>, 4

8    Cal.App. 4th 857, 886-887 (1992). The sixth cause of action for common law fraud and

9    seventh cause of action for breach of fiduciary duty are likewise barred by the three-year

10   statute of limitations under California law. Cal. Code of Civ. Proc. § 338(d).

11        In sum, all of the causes of action alleged in the FAC are barred by the applicable

12   statutes of limitations. Therefore, the FAC should be dismissed in its entirety without leave to

13   amend. <u>Platt Elec. Supply, Inc. v. EOFF Elec., Inc.</u>, 522 F.3d 1049, 1060 (9th Cir. 2008).

14        **I.    Plaintiff lacks standing to sue.**

15        In his FAC, Plaintiff plainly admits that the "predicate acts" pertaining to Moe's all took

16   place in 2011. (FAC ¶7(c),(d).) However, Plaintiff subsequently filed for Chapter 7 bankruptcy

17   on January 17, 2012. *See* Request for Judicial Notice, **Exhibit B**. *See also* FAC, (FAC ¶

18   7(e).)

19        When Plaintiff declared bankruptcy, all the "legal or equitable interests" he had in his

20   property became the property of the bankruptcy estate and were represented by the

21

22

23

24

25

1   bankruptcy trustee. 11 U.S.C. § 541(a)(1); <u>Turner</u>, *supra*, 362 F.3d at 1226. The causes of

2   action alleged in the FAC are based on "predicate acts" of Moe's and the other co-defendants

3   that allegedly occurred prior to the date Plaintiff filed for bankruptcy. Thus, the causes of

4   action alleged in the FAC arose prior to the date Plaintiff filed for bankruptcy and are among

5   the legal or equitable interests that became property of the bankruptcy estate when Plaintiff

6   filed for bankruptcy in 2012. <u>Turner</u>, at 1226-1227. Accordingly, Plaintiff lacks standing to sue

7   as the Plaintiff in this action.

8     **J. Plaintiff must be denied leave to amend the FAC.**

9      Courts may dismiss a case without leave to amend if the amendment would be an

10   exercise in futility" or "where the amended complaint would also be subject to dismissal."

11   <u>Steckman v. Hart Brewing, Inc.</u>, 143 F.3d 1293,1298 (9th Cir.1998). Futility alone can justify a

12   court's refusal to grant leave to amend. <u>Bonin v. Calderon</u>, 59 F .3d 815, 845 (9th Cir.1995).

13   A district court does not abuse its discretion in denying a motion to amend where the movant

14   presents no new facts but only new theories and provides no satisfactory explanation for his

15   failure to fully develop his contentions originally. <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367,

16   374 (9th Cir. 1990).

17      It is difficult, if not impossible, to determine what new facts Plaintiff might try to offer to

18   cure the FAC's glaring deficiencies while remaining cognizant of the pleading requirements

19   under Rule 11 of the Federal Rules of Civil Procedure. In any event, the FAC should be

20   dismissed in its entirety without leave to amend.

**K.     The court should dismiss the state law claims alleged in the FAC.**

After dismissing the RICO claims alleged in the FAC's first, second and third causes of action, the only remaining claims arise under state law. "When federal claims are dismissed before trial ... pendant state claims also should be dismissed." Religious Technology Center v. Wollersheim, 971 F .2d 364, 367-368 (9th Cir.1992). "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of [the factors of economy, convenience, fairness, and comity] will point toward declining to exercise jurisdiction over the remaining state-law claims." O'Connor v. State of Nev., 27 F.3d, 357, 363 (9th Cir. 1994).

The Court should decline to exercise supplemental jurisdiction over the state law causes of action alleged in the FAC. Moreover, as pointed above, the state law claims should be dismissed because they lack merit, are barred by privilege or by applicable statutes of limitation under California law, and Plaintiff does not have standing to pursue those claims.

## IV. CONCLUSION.

For these reasons the Court should grant Moe's motion to dismiss the FAC in its entirety under Rule 12(b)(6), without leave to amend, and award all other relief that the Court deems appropriate.

DATED: July 16, 2018                    **CABLE LAW**

                    _/s/ Keith D. Cable_____
                    By:     KEITH D. CABLE, ESQ.
                            Attorneys for Defendant
                            MOE'S PROCESS SERVING, INC.