1  Keith D. Cable, Esq., SBN 170055
   **CABLE LAW**
2  101 Parkshore Drive, Suite 100
   Folsom, CA  95630
3  916/608-7995 Tel.
   916/608-7986 Fax
4
   Attorneys for Defendant
5  MOE'S PROCESS SERVING, INC.

6

7

8                          UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10
   CARL ALEXANDER WESCOTT,              Case No.: 3:17-cv-05676-LB
11
            Plaintiff,                  **REQUEST FOR JUDICIAL NOTICE**
12
   vs.                                  Date: August 23, 2018
13                                      Time: 9:30 a.m.
                                        Location: U.S. District Court, Northern District,
14 SC ANDERSON, INC.; HERRIG & VOGT,    Courtroom C – 15th Floor, San Francisco, CA
   LLP; MOE'S PROCESS SERVING, INC.;    Judge: Hon. Laurel Beeler
15                                      Action Filed: October 2, 2017
                                        Trial Date: None
16          Defendants.

17
        Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant MOE'S PROCESS
18
   SERVING, INC. ("Defendant") requests that the Court take judicial notice of the following
19
   documents identified below and attached hereto as Exhibits A, B, and C:
20

21

22

23

24
                                        1
25                          RFJN IN SUPPORT OF MTD FAC

1   **Exhibit A**:

2   First Amended Complaint filed June 14, 2018 in the matter of Wescott v. S.C. Anderson, Inc.,
    et al., United States District Court for the Northern District of California, Case No. CV-17-
3   5676-LB.

4
    **Exhibit B:**
5
6   Voluntary Chapter 7 Bankruptcy Petition, *In re Carl Alexander Wescott and Monette
    Rosemarie Stephens*, Case No. 12-30143, United States Bankruptcy Court for the Northern
    District of California, entered 1/17/12.
7
    **Exhibit C:**
8
    Statement of Financial Affairs to Chapter 7 Bankruptcy Petition, *In re Carl Alexander Wescott
9   and Monette Rosemarie Stephens*, Case No. 12-30143, United States Bankruptcy Court for
    the Northern District of California, entered 2/2/12.
10

11  DATED: July 16, 2018                    **CABLE LAW**

12                                          */s/ Keith D. Cable*
                                            By:    KEITH D. CABLE, ESQ.
13                                                 Attorneys for Defendant
                                                   MOE'S PROCESS SERVING, INC.
14

15

16

17

18

19

20

21

22

23

24
                                            2
25                              RFJN IN SUPPORT OF MTD FAC

# EXHIBIT A

1
2
3
4

Carl Wescott
PO Box 190875
San Francisco, CA 94966
*in propria persona*
+1 415 335 5000

**FILED**

JUN 1 4 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

UNITED STATES DISTRICT COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

SAN FRANCISCO DIVISON

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Carl Alexander Wescott,

          Plaintiff

-------------------- versus --------------------

SC Anderson, Inc.;

Herrig & Vogt, LLP;

Moe's Process Serving, Inc.;

          Defendants

)
)
)
)
)
)
)
)
)
)
)
)

Case Number CV 17-5676-LB

FIRST AMENDED COMPLAINT FOR

DECLARATIVE AND INJUNCTIVE RELIEF

AND DAMAGES FROM RACKETEERING;

CONSPIRACY TO ENGAGE IN A PATTERN

OF RACKETEERING ACTIVITY; FRAUD;

ABUSE OF PROCESS; INVASION OF

PRIVACY; INTENTIONAL INFLICTIONAL

OF EMOTIONAL DISTRESS AND BREACH OF

FIDUCIARY DUTY

JURY TRIAL REQUESTED

23
24
25
26
27
28

1. Plaintiff Carl Wescott ("Plaintiff") is an individual and resident in San Francisco.

2. Defendant SC Anderson, Inc. ("Anderson") is a California corporation with its principal office in Bakersfield, California and satellite offices in Arizona, Nevada and New Mexico. Anderson is a major construction company.

1

2   3.  Herrig & Vogt ("HV") is a California limited liability partnership with its principal place

3       of business in Granite City, California. HV is the attorney and agent of Anderson.

4   4.  Defendant Moe's Process Serving Inc. ("Moe's") is a California corporation with its

5       principle place of business in Sacramento California. Moe's is an agent of Vogt and sub-

6       agent of Anderson.

7   5.  Jurisdiction is vested in this Court pursuant to 18 USC 1961 et seq and venue is proper in

8       this District as it was the focus of the criminal activity, the location of Surprise

9       Development (and thus where Defendant should have filed the lawsuit they fraudulently

10      concealed in another county), and location of the Plaintiff, the individual Defendant in

11      SC Anderson's fraudulent legal action, and is also the location of the recent unnecessary

12      legal action by Defendant against Plaintiff (Adversary Proceeding in Plaintiff's

13      bankruptcy).

14

15

16

17      **Enterprise & Underlying Conspiracy**

18

19               .

20  6.  This cases arises out of a contract between Anderson and Surprise Development

21      ("Surprise"), a long defunct California S Corp. owned and managed by the Plaintiff up to

22      approximately six years ago.  Anderson provided design and engineering services to

23      Surprise, and the firms envisioned and planned on Anderson providing construction

24      services to Surprise. Reverses in the economy made it impossible for Surprise to pay for

25      the design and engineering services Anderson provided on a project. At all times,

26      Anderson was aware of the risk that Surprise would be unable to pay and Anderson has

27      admitted as much in Madera County pleadings. Realizing that Surprise was losing its

28

2

assets of value and that the underlying contract was non-recourse (e.g. not personally guaranteed by the Plaintiff) the Defendants entered into a scheme to impose extra-contractual personal liability on the Plaintiff by: (a) faking a fraud case in general and against the Plaintiff specifically; (b) obtaining a personal judgment in stealth thus preventing him from raising dispositive contractual defenses; (c) obtaining the default in knowing violation of the Plaintiff's automatic stay in bankruptcy and then; (d) extortionately using that wrongful and void default to obtain the Plaintiff's money and/or property.  <u>The Defendants took these steps despite the fact that the Plaintiff had minimal contact with Anderson during the project in question and made none of the representations that Anderson later tried to characterize as fraudulent.</u>

7.  Anderson, HV and Moe's engaged in the following predicate acts, sufficing to trigger liability under 18 USC 1961 (4) (5) and (9) and 18 USC 1962 (c):

(a) Defendants HV and Anderson filed sham litigation in Kern County and Madera County against the Plaintiff. The litigation was fraudulent and a sham because the Plaintiff individually made no important representations to Anderson – as the Defendants well knew – and because the Defendants never relied on *any* representations, having recently judicially admitted in Madera County filings that they were specifically aware of the risk that the Kern County Defendants would not acquire the property in question with the result that Defendant Anderson would not be paid for its services.

(b) The litigation was also fraudulent and a sham because the Defendants never intended to serve the Plaintiff or afford him an opportunity to defend himself.

(c) On October 31st 2011 ("Alleged Service Date"), and on November 1st, 2011 ("Perjurious Proof of Service date") Moe's, acting for and jointly with the other defendants, perjuriously certified a fraudulent proof of service on the Defendant in connection with a state court action brought by SC Anderson ("the State Court Case"). On the day of the alleged service Plaintiff and his now-ex-wife were both in Santa Barbara. Moe's certified that a lady was served at Plaintiff's house, with black hair.  Plaintiff's ex-wife was blonde and of completely different height and weight than what the proof of service certified.  In certifying and transmitting the fraudulent proof of service, Moe's utilized both mails and the wires in violation of 18 USC 1961.

(d) Contemporaneously, acting for and jointly with the other defendants, Moe's unlawfully accessed and tampered with the defendant's mail by gaining unauthorized access to his closed United States Postal mailbox, in violation of 18 USC 1708. This was in aid of an attempt to extort the Plaintiff within the meaning of 18 USC 375 <u>et seq.</u>

3

(e) The Plaintiff filed for United States Bankruptcy protection and so informed defendant HV (with a phone call to George Vogt) on or about December 13, 2011, which is the date the automatic stay in Plaintiff's bankruptcy case issued. Plaintiff informed George Vogt ("GVogt") that he had not been served, that Anderson was being named in Plaintiff's chapter 7, and that he was planning on leaving the country soon.

(f) Despite knowledge of the Plaintiff's pending bankruptcy and federal court orders not to take legal action against Plaintiff, HV, acting for and jointly with the other Defendants, willfully and contumaciously violated the Plaintiff's automatic stay by filing for default in the State Court Case. HV's filing, which was effected electronically, represents an independent use of the wires to perpetrate a fraud in violation of 18 USC 1961 – the fraud not only utilized Moe's fraudulent declaration but also consisted of omitting to disclose the pendency of Plaintiff's bankruptcy and existence of the automatic stay to the State Court in obtaining the State Court Case default. As an officer of the Court, HV (as well as GVogt personally) had a duty to disclose relevant facts to the Court.

(g) HV then attempted to enforce the wrongfully obtained default which they knew and subsequently admitted to be void ab inito to extortionately obtain money from the Plaintiff at his 341 meeting in 2016 and for years thereafter.

(h) Accordingly, the predicate acts of the enterprise (consisting of SC Anderson, its agent HV and its sub-agent Moe's) included *at least* mail tampering and mail and wire fraud and attempted extortion by Moe's, independent acts of wire fraud and extortion by HV, fraud on the court by HV all performed at the direction and for the benefit of principal SC Anderson.

8. The Plaintiff has strong reasons to believe that SC Anderson and its agent HV conceived and directed this fraudulent scheme. These include:

(a) The Kern County litigation was sham litigation within the meaning of federal law: (a) objectively baseless and; (b) subjectively intended to abuse process. Thus, the *Noerr Pennington* protection for petitioning activity does not apply. Specifically (for the reasons that follow) SCA and HV alleged fraud against the Plaintiff without a good faith basis for believing that he had in fact engaged in fraudulent activity as a means to obtain the benefit of a personal guarantee they never negotiated.

(b) The filing of the sham litigation was itself an act of fraud within the ambit of the RICO statute because the Plaintiff had the right to rely on the truthfulness of the representations of HV as California attorneys. Business & Professions 6068.

(c) The Plaintiff had very little personal interaction with Anderson during the period of the Surprise Development. The Plaintiff did not discuss, represent, or negotiate with SC Anderson, and simply attended one meeting, one conference calls and signed paperwork. Therefore there would have been no legitimate reliance on any statements by the Plaintiff on the part of Anderson.

(d) Anderson has admitted that it was expressly aware of the risk presented by the fact that the Surprise Development team did not actually own the Property in question but had every reasonable expectation of doing so. Attached as

4

Exhibit "A" is a complaint recently filed by Anderson in Madera County following the Stipulated admission that HV violated the Plaintiff's automatic stay. In paragraph 28 of this Complaint, Anderson admits that it had knowledge of the fact that Surprise did not actually own the property and may not gain ownership. Anderson not only did not rely on Plaintiff, they had no basis for reliance at all.

(e) Anderson took the calculated risk that the Surprise financing would not go through with the plan all along of wrongfully suing the Plaintiff should their business risk not play out as they hoped.

(f) Anderson's agent H&V deliberately violated the Plaintiff's automatic stay in wrongfully obtaining a Default.

(g) Anderson's agent H&V lied to the Courts in Kern and Madera County by Omission and Commission and attempted to enforce the wrongfully obtained Default at the Plaintiff's meeting of creditors years after obtaining it.

(h) HV's attempt in 2016 and thereafter to collect a debt from the Plaintiff based on a judgment they knew to have violated the Plaintiff's automatic stay was extortionate in that H&V possessed the specific intent to obtain the Plaintiff's money and property based on a default HV attorneys knew to be void ab initio in aid of an effort to intimidate the Plaintiff.

(i) In short, Anderson's fraud case was itself an outrageous fraud and planned from the first as a fallback position if it lost its calculated gamble that Surprise would obtain financing and close on the property.

9. The criminal acts of the defendants have played out over a period of more than six years, more than meeting the RICO standard for continuity. The Defendants – consistent with their plan – did not disclose their fraudulently obtained default to the Plaintiff until a meeting of his 341 creditors in December 2016 (at which H&V attempted to enforce the void default), making it difficult to impossible for him to overturn the default in the State Court Case. The Defendants knew that default to be void ab initio but extortionately attempted to use it to intimidate the Plaintiff into surrendering his money and property.

10. The defendants have since pursued aggressive collection and harassment efforts that have included completely needless litigation in federal court with the aid of the fraudulently obtained judgment in the State Court Case. (In the course of the federal litigation, Defendant H&V concealed the existence of a Stipulation admitting that Anderson violated the Plaintiff's automatic stay, from a bankruptcy judge which elicited comment from that Judge in issuing her Tentative Ruling). The Defendants' collection efforts have

imposed tremendous emotional stress on the Plaintiff and have crippled his ability to develop new business opportunities.

11. The Defendants have conspired directly and through their agents, officers and employees to tamper with the Plaintiff's mail; secure a fraudulent judgment based on a perjurious certification; defraud the State Court through the use of an electronic filing; and extort payment from the Plaintiff through e-mails, phone calls, and the harassment of needless litigation.

12. The Plaintiff was an international real estate developer and consultant, with projects in Louisiana and in other countries such as Panama, Uruguay, Nicaragua and Ecuador. The actions of the Defendants have impacted interstate and international commerce by inhibiting and interfering with the Plaintiff's ability to source and close transactions in California, Louisiana and other locations.

13. The Plaintiff asks that this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities described in more particularity in paragraph 7, Supra).

14. The Plaintiff asks this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra.*

15. The Plaintiff asks this Court that all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently*

thereafter, from associating with any RICO *enterprise* of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

## **COUNT ONE:**

Acquisition and Maintenance of an Interest in and Control of
an *Enterprise* Engaged in a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(b)

16. Plaintiff realleges paragraphs 1-15 as if fully set out herein. Substance prevails over form.

17. At various times and places all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

18. During the six (6) and a half calendar years preceding June 12th, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities) including acts of mail fraud, wire fraud and extortion.

19. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(b) *supra* including the cynical corruption and manipulation of the State Court Case and the extortionate attempts to collect from the Plaintiff based on a default judgment which the Defendants knew (and subsequently

admitted that they knew) to be void ab ignition.

20. Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally* construed by this honorable Court.  Said construction rule was never codified in Title 18 of the United States Code, however.  See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

21. Based on the legal doctrine of Respondeat Superior, a principal is legally responsible for the wrongful and illegal acts of its agents and sub-agents.  Thus, not only are Anderson, H&V, and Moe's collectively liable for the illegal acts in their criminal conspiracy, but Anderson is also legally responsible for the acts of its agent H&V and its sub-agent Moe's.  For this specific count, the principal Anderson is liable for the agents' and subagents' misconduct:  knowledge of, participation in, and benefit from a RICO enterprise.

**COUNT TWO:**

Conduct and Participation in a RICO *Enterprise*
through a *Pattern of Racketeering Activity*:
18 U.S.C. §§ 1961(5), 1962(c)

22. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.  Substance prevails over form.

23. At various times and places partially enumerated in Plaintiff's Complaint above, all Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

24. Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

25. During the six (6) and a half calendar years preceding June 12th, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

26. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner that they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(c) *supra*.

27. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

### COUNT THREE:

Conspiracy to Engage in a

*Pattern of Racketeering Activity*:

18 U.S.C. §§ 1961(5), 1962(d)

28. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

29. At various times and places partially enumerated in Plaintiff's Complaint above all Defendants did conspire to acquire and maintain an interest in a RICO *enterprise*

9

engaged in a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(b) and (d).

30. At various times and places partially enumerated in Plaintiff's Complaint above, all Defendants did also conspire to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity*, in violation of 18 U.S.C. §§ 1962(c) and (d). See also 18 USC 1708.

31. During the six (6) and a half calendar years preceding June 12th, 2018 all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

32. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner that they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of 18 U.S.C. 1962(d) (Prohibited activities *supra*).

33. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be *liberally* construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. *Respondeat superior* (as explained above).

## COUNT FOUR:

## Abuse of Process

34. The Plaintiff realleges paragraphs 1-15 as if fully set out herein.

35. Moe's false and perjurious certification of the Proof of Service; and mail tampering, which were acts taken as agent for all Defendants, were intentional usages of the court's process for purposes other than that for which the process was intended.

36. The Defendants' ulterior motive was to prevent the Plaintiff from demonstrating to the State Court that he was not personally liable on the Surprise contract with Anderson. Anderson could have negotiated a personal guarantee from the Plaintiff in its original contract but failed to do so.

37. The Plaintiff was harmed by the misuse of process by Defendants in that he incurred wrongful exposure to a massive personal liability that was extra-contractual; suffered extreme emotional distress as a result; and sustained interference with his commercial opportunities as a result.

## COUNT FIVE:

### Intentional Infliction Of Emotional Distress

38. The Plaintiff realleges paragraphs 1-15 as if fully set out herein.

39. The Defendants' actions in fraudulently certifying process and fraudulently obtaining a Default Judgment against the Plaintiff despite their awareness of his Bankruptcy filing were plainly outrageous.

40. The Defendants were aware that the Plaintiff was in a commercially and emotionally vulnerable state because of his business reverses and bankruptcy. The Defendants intended to inflict severe and unbearable emotional distress on the Plaintiff to pressure and/or extort him into a financial settlement despite the Defendants' knowledge that there was no reasonable basis for holding the Plaintiff financial liable for Surprise's contractual obligations.

41. The Plaintiff has in fact suffered severe emotional distress as a result of the Plaintiff's acts of fraud, oppression and coercion.

## COUNT SIX:

### Common Law Fraud

42. The Plaintiff realleges paragraphs 1-15 as if fully set out herein.

43. Under the California Rules of Court, the Defendants had a duty to disclose their Motion for Default in the State Court Case to the Plaintiff.

44. The Defendants failed to disclose and, in fact, concealed the pendency of their Default Motion in the State Court Case.

45. The Defendants intended that the Plaintiff rely on their non-disclosure and concealment and the Plaintiff did in fact rely. Had the Plaintiff been served with the lawsuit, he would have filed a Response in State Court (His first Response would have been to move to the proper venue of San Francisco, as well as to properly deny any personal liability). Had the Plaintiff known of the pendency of the Motion for Default he would have informed the State Court of his Chapter 7 Bankruptcy that the Defendants actions violated federal court orders and were *void ab initio*.

46. The Plaintiff has been damaged by the Defendants' fraudulent omission by having a default lodged against him in a case which alleges and seeks millions of dollars for the judgment; this has caused him severe emotional distress and crippled his efforts to rebuild his business. Family law court has imputed income of $100,000 per month to Plaintiff and the Defendants' actions and common law fraud have willfully and knowingly interfered with Plaintiff's ability to generate an income to support himself and his children.

## COUNT SEVEN:

### Breach of Fiduciary Duty

47. The Plaintiff realleges paragraphs 1-15 as if fully set out herein.

48. The Plaintiff retained Anderson to perform architectural, engineering and managing services, in effect to act as his expert and advisor for all project phases. Because the parties contemplated a sustained relationship over multiple projects, Anderson was also a valued partner of the Plaintiff.

49. Anderson touts itself on its web site as an expert in valuation, planning and budgeting as well as in design. Thus Anderson holds itself out as an advisor and consultant as well as a designer.

50. The Plaintiff personally reposed trust and confidence in Anderson's integrity and expertise.

51. Anderson was aware of all risks material to the Surprise project (including the risk that the team did not yet own the land) but advised the Surprise team, including the Plaintiff in the course of their only meeting, that the project was viable.

52. The Plaintiff relied on Anderson's professional advice. The Plaintiff also relied on Anderson to deal transparently and fairly with Plaintiff and with Surprise.

53. Had Anderson demanded a personal guarantee from the Plaintiff, he would have reconsidered the viability of the project and of his Anderson partnership. Anderson never asked for such a guarantee.

54. Anderson breached its fiduciary duties to the Plaintiff in at least the following ways:

> (a) Overstating the prospects for success despite Anderson's knowledge of serious obstacles;

13

     (b) Concealing its intent to try to obtain a personal guarantee by stealth from the Plaintiff;

     (c) Concealing the State Court Litigation and the unlawfully obtained Default judgment from the Plaintiff.

55. The Plaintiff has been damaged by the fiduciary breaches of Anderson identified in paragraph 54, sub-paragraphs (a) – (c) by having default lodged against him in a case which alleges and seeks millions of dollars for the judgment; this has caused him severe emotional distress and crippled his efforts to rebuild his business.

## RELIEF REQUESTED

*Wherefore*, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiff requests judgment against all named Defendants as follows:

## ON COUNT ONE:

1.    That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2.    That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO *enterprise* of *persons*, or of other individuals associated in fact, who are engaged in, or

14

whose activities do affect, interstate or foreign commerce.

3.    That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in <u>COUNT ONE</u> *supra*.

4.    That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of *racketeering activity* in violation of <u>18 U.S.C. 1962</u>(b) and from all other violation(s) of applicable State and federal law(s).

5.    That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(b), according to the best available proof.

6.    That all Defendants pay to Plaintiff treble (triple) damages, under authority of <u>18 U.S.C. 1964</u>(c), for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(b), according to the best available proof.

7.    That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of <u>18 U.S.C. 1962</u>(b), including Plaintiff's emotional distress according to the best available proof.

8.    That all Defendants pay to Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, photocopies, mail, travel, service, all non-judicial enforcement and all reasonable fees including any paralegal help Plaintiff may employ.

9.    That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of <u>18 U.S.C. 1962</u>(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for

the benefit of Plaintiff, his heirs and assigns.

10.    That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

## ON COUNT TWO:

1.    That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO *enterprise* of *persons* and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

2.    That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) *supra*.

3.    That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from associating with any RICO *enterprise* of *persons*, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

4.    That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conducting or participating, either directly or indirectly, in the conduct of the affairs of any RICO *enterprise* through a *pattern of racketeering activity* in violation of the RICO laws at 18

U.S.C. §§ 1961(5) and 1962(c) *supra*.

5.    That all Defendants and all of their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in COUNT TWO *supra*.

6.    That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s).

7.    That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

8.    That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) *supra*, according to the best available proof.

9.    That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(c) *supra*, including Plaintiff's emotional distress according to the best available proof.

10.    That all Defendants pay to Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable fees.

11.    That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(c) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone

17

[*sic*], for the benefit of Plaintiff, his heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT THREE:

1. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO *enterprise* engaged in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra.*

2. That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra.*

3. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO *enterprise* that engages in a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) *supra.*

4. That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO *enterprise* through a *pattern of racketeering activity* in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) *supra.*

5.   That all Defendants and all their directors, officers, employees, agents, servants and all other *persons* in active concert or in participation with them, be enjoined *temporarily* during pendency of this action, and *permanently* thereafter, from committing any more predicate acts in furtherance of the RICO *enterprise* alleged in <u>COUNT THREE</u> *supra*.

6.   That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of <u>18 U.S.C. 1962</u>(d) *supra* and from all other violation(s) of applicable State and federal law(s).

7.   That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(d) *supra*, according to the best available proof.

8.   That all Defendants pay to Plaintiff treble (triple) damages, under authority of <u>18 U.S.C. 1964</u>(c), for any gains, profits, or advantages attributable to all violations of <u>18 U.S.C. 1962</u>(d) *supra*, according to the best available proof.

9.   That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of <u>18 U.S.C. 1962</u>(d) *supra*, including Plaintiff's emotional distress and loss of business opportunities according to the best available proof.

10.  That all Defendants pay to Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable fees.

11.  That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of <u>18 U.S.C. 1962</u>(d) *supra* and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone

19

[*sic*], for the benefit of Plaintiff, his heirs and assigns.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT FOUR:

1. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their Abuse of Process including interference with ongoing business expectations, according to the best available proof.

2. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar litigation abuses in the future. This Plaintiff asks the Court to consider the enormous scope of operations of SC Anderson and HV and to ensure that the financial punishment for these improper and illegal acts be large enough as to deter any thought of similar activities in the future.

3. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT FIVE:

1. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their intentional infliction of emotional distress on Plaintiff including interference with ongoing business expectations, according to the best available proof.

2. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar outrageous conduct in the future.

3. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT SIX:

4. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their acts of fraudulent concealment directed at Plaintiff including interference with ongoing business expectations, according to the best available proof.

5. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar fraudulent conduct in the future.

6. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

## ON COUNT SEVEN:

7. That the Defendants be held liable for all direct and consequential harm sustained by the Plaintiff flowing from their acts of fiduciary breach directed at Plaintiff including interference with ongoing business expectations, according to the best available proof.

8. That this Court impose punitive, or exemplary damages on the Defendants in an amount sufficient to punish and deter the Defendants from engaging in similar acts of fiduciary breach in the future.

9. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action. RESPECTFULLY SUBMITTED on June 12th, 2018.



Carl A. Wescott. *Pro Se*  6/12

**SUM-100**

## SUMMONS
### (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SURPRISE DEVELOPMENT, INC., a California corporation, SUNEET SINGAL, an
individual, CARL WESCOTT, an individual,
(See Additional Parties Attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
S.C. ANDERSON, INC., a California corporation

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
MADERA SUPERIOR COURT

MAR 1 5 2018

BONNIE THOMAS CLERK
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* | MCV070794 |

Superior Court of the State of California, County of Madera
200 South "G" Street
Madera, CA 93637

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
George F. Vogt, Jr./SBN 107310       HERRIG & VOGT, LLP
4210 Douglas Blvd., Suite 100        916-960-1000
Granite Bay, CA 95746

| DATE: MAR 15 2018 | BONNIE THOMAS | Clerk, by BRITTANY VELAZQUEZ | , Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant. Carl Wescott, an individual
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]      (TB Essential Forms)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Page 1 of 1

S.C. ANDERSON

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| S.C. ANDERSON, INC. v. SURPRISE DEVELOPMENT, INC., Et al. | MCV070794 |

## INSTRUCTIONS FOR USE

➤ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➤ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

STERLING PACIFIC LENDING, INC., a California corporation, dba STERLING
PACIFIC FINANCIAL, JOSHUA FISCHER, an individual, STERLING REAL ESTATE
PARTNERS II, LLC, a California limited liability company, R. WAYNE MOLES,
an individual, LARRY PISTORESI, JR., an individual, GERALD FISCHER, an
individual, VILLA DEL SOL SENIOR HOUSING, LLC, a California limited
liability company, and DOES 1 through 100, inclusive

Page ____2____ of ____2____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) (Rev. January 1, 2007)

CEB Essential
ceb.com Forms

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons | S.C. ANDERSON

EXHIBIT A

1  GEORGE F. VOGT, JR. (SBN 107310)
2  GINA L. MOYLES (SBN 208222)
   HERRIG & VOGT, LLP
3  4210 Douglas Boulevard, Suite 100
   Granite Bay, CA 95746
   Telephone:  (916) 960-1000
4  Facsimile:  (916) 960-1005

5  Attorneys for Plaintiff,
   S.C. ANDERSON, INC., a California corporation

6

7



FILED/ENDORSED

JUN 10 2014

BY: _____
Erica Medina
DEPUTY CLERK

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SACRAMENTO

10  S.C. ANDERSON, INC., a California        Case No: 34-2012-00123353
    corporation,
11                                           THIRD AMENDED COMPLAINT FOR:
                      Plaintiff,
12                                           1. BREACH OF CONTRACT
                                             2. MONEY LENT
13  vs.                                      3. INTENTIONAL MISREPRESENTATION
                                             4. NEGLIGENT MISREPRESENTATION
14  SURPRISE DEVELOPMENT, INC. a California  5. CIVIL CONSPIRACY
    corporation, SUNEET SINGAL, an individual, 6. THEFT/CONVERSION
15  CARL WESCOTT, an individual, STERLING
    PACIFIC LENDING, INC., a California
16  corporation, dba STERLING PACIFIC
    FINANCIAL, JOSHUA FISCHER, an
17  individual, STERLING REAL ESTATE
    PARTNERS II, LLC, a California limited
18  liability company, R. WAYNE MOLES, an
    individual, LARRY PISTORESI, JR., an
19  individual, GERALD FISCHER, an individual,
    VILLA DEL SOL SENIOR HOUSING, LLC, a             BY FAX
20  California limited liability company, and DOES
    1 through 100, inclusive,
21
                      Defendants.
22

23         Plaintiff, S.C. ANDERSON, INC., a California corporation (hereinafter referred to as

24  "ANDERSON") alleges as follows:

25         GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

26         1.     ANDERSON is, and at all times herein mentioned was, a corporation organized and

27  existing under the laws of the State of California, with its principal place of business in Kern County,

28  California, engaged in the business of providing general contracting services and duly licensed by the

                                    - 1 -
                          THIRD AMENDED COMPLAINT

1  GEORGE F. VOGT, JR. (SBN 107310)
   GINA L. MOYLES (SBN 208222)
2  HERRIG & VOGT, LLP
   4210 Douglas Boulevard, Suite 100
3  Granite Bay, CA 95746
   Telephone: (916) 960-1000
4  Facsimile: (916) 960-1005

5  Attorneys for Plaintiff,
   S.C. ANDERSON, INC., a California corporation
6

7

RECEIVED
IN DROP BOX

2014 JUN 10   PM 2:18

GOSLG COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

8        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SACRAMENTO

10  S.C. ANDERSON, INC., a California     | Case No: 34-2012-00123353
    corporation,
11                                        | THIRD AMENDED COMPLAINT FOR:
                    Plaintiff,
12                                        | 1. BREACH OF CONTRACT
    vs.                                   | 2. MONEY LENT
13                                        | 3. INTENTIONAL MISREPRESENTATION
    SURPRISE DEVELOPMENT, INC. a California | 4. NEGLIGENT MISREPRESENTATION
14  corporation, SUNEET SINGAL, an individual, | 5. CIVIL CONSPIRACY
    CARL WESCOTT, an individual, STERLING | 6. THEFT/CONVERSION
15  PACIFIC LENDING, INC., a California
    corporation, dba STERLING PACIFIC
16  FINANCIAL, JOSHUA FISCHER, an
    individual, STERLING REAL ESTATE
17  PARTNERS II, LLC, a California limited
    liability company, R. WAYNE MOLES, an
18  individual, LARRY PISTORESI, JR., an
    individual, GERALD FISCHER, an individual, | BY FAX
19  VILLA DEL SOL SENIOR HOUSING, LLC, a
    California limited liability company, and DOES
20  1 through 100, inclusive,

21                  Defendants.

22

23      Plaintiff, S.C. ANDERSON, INC., a California corporation (hereinafter referred to as

24  "ANDERSON") alleges as follows:

25      GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

26      1.      ANDERSON is, and at all times herein mentioned was, a corporation organized and

27  existing under the laws of the State of California, with its principal place of business in Kern County,

28  California, engaged in the business of providing general contracting services and duly licensed by the

- 1 -
THIRD AMENDED COMPLAINT

1    California Contractors State License Board at all times relevant to this action.

2        2.      ANDERSON is informed and believes and thereon alleges that defendant CARL

3    WESCOTT and DOES 1 through 100 (hereinafter "WESCOTT") is, and at all times herein mentioned

4    was, an individual residing in California and was at the time of the actions alleged in this Complaint,

5    holding himself out as President of defendant SURPRISE DEVELOPMENT, INC.

6        3.      ANDERSON is informed and believes and thereon alleges that defendant SUNEET

7    SINGAL and DOES 1 through 100 (hereinafter "SINGAL") is, and at all times herein mentioned was,

8    an individual residing in California and was at the time of the actions alleged in this Complaint,

9    holding himself out as a partner and owner of defendant SURPRISE DEVELOPMENT, INC.

10       4.      ANDERSON is informed and believes and thereon alleges that defendant SURPRISE

11   DEVELOPMENT, INC. and DOES 1 through 100 (hereinafter "SURPRISE") is, and at all times

12   herein mentioned was, a California corporation organized and existing under the laws of the State of

13   California with its principal place of business in San Francisco County, California.

14       5.      ANDERSON is informed and believes and thereon alleges that defendant JOSHUA

15   FISCHER and DOES 1 through 100 (hereinafter "JFISCHER") is, and at all times herein mentioned

16   was, an individual residing in California and was at the time of the actions alleged in the Complaint,

17   holding himself out as President of defendant STERLING PACIFIC LENDING, INC. and managing

18   member of defendant STERLING REAL ESTATE PARTNERS II, LLC.

19       6.      ANDERSON is informed and believes and thereon alleges that defendant GERALD

20   FISCHER and DOES 1 through 100 (hereinafter "GFISCHER") is, and at all times herein mentioned

21   was, an individual residing in California and was at the time of the actions alleged in the Complaint

22   acting as managing member of defendant STERLING REAL ESTATE PARTNERS II, LLC.

23       7.      ANDERSON is informed and believes and thereon alleges that defendant STERLING

24   PACIFIC LENDING, INC. dba STERLNG PACIFIC FINANCIAL and DOES 1 through 100

25   (hereinafter "STERLING, INC.") is, and at all times herein mentioned was, a California corporation

26   organized and existing under the laws of the State of California with its principal place of business in

27   Santa Cruz County, California.

28   ///

-2-
THIRD AMENDED COMPLAINT

8. ANDERSON is informed and believes and thereon alleges that defendant STERLING REAL ESTATE PARTNERS II, LLC and DOES 1 through 100 (hereinafter "STERLING, LLC") is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California with its principal place of business in Fresno County, California.

9. ANDERSON is informed and believes and thereon alleges that defendant R. WAYNE MOLES and DOES 1 through 100 (hereinafter "MOLES") is, and at all times herein mentioned was, an individual residing in California and was at the time of the actions alleged in this Complaint, holding himself out as President and managing member of defendant VILLA DEL SOL SENIOR HOUSING, LLC.

10. ANDERSON is informed and believes and thereon alleges that defendant LARRY PISTORESI, JR. and DOES 1 through 100 (hereinafter "PISTORESI") is, and at all times herein mentioned was, an individual residing in California and was at the time of the actions alleged in this Complaint, holding himself out as Secretary and managing member of defendant VILLA DEL SOL SENIOR HOUSING, LLC.

11. ANDERSON is informed and believes and thereon alleges that defendant VILLA DEL SOL SENIOR HOUSING, LLC and DOES 1 through 100 (hereinafter "VILLA DEL SOL") is, and at all times herein mentioned was, a California limited liability company organized and existing under the laws of the State of California with its principal place of business in Madera County, California.

12. ANDERSON is informed and believes and thereon alleges that there exists and at all times herein mentioned existed a unity of interest and ownership between SINGAL, WESCOTT and SURPRISE, and each of them (hereinafter "SURPRISE GROUP"), such that any individuality and separateness between them have ceased, and that each of the above-named parties is the alter-ego of the other in the matters alleged herein, in that the assets and management have been intermingled, formalities have not been maintained, and a separate identity is merely a shell in order to evade liability. Adherence to the fiction of the separate existence of SINGAL, WESCOTT, and SURPRISE, and each of them, as separate entities separate and distinct from the other would promote an injustice in that they acted in concert in a scheme to defraud and deceive and conspired together to fraud and deceive ANDERSON.

Herrig & Vogt, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902

13.     ANDERSON is informed and believes and thereon alleges that there exists and at all times herein mentioned existed a unity of interest and ownership between GFISCHER, JFISCHER, STERLING, LLC, and STERLING, INC., and each of them (hereinafter "STERLING GROUP"), such that any individuality and separateness between them have ceased, and that each of the above-named parties is the alter-ego of the other in the matters alleged herein, in that the assets and management have been intermingled, formalities have not been maintained, and a separate identity is merely a shell in order to evade liability. Adherence to the fiction of the separate existence of GFISCHER, JFISCHER, STERLING, LLC, and STERLING, INC., and each of them, as separate entities separate and distinct from the other would promote an injustice in that they acted in concert in a scheme to defraud and deceive and conspired together to fraud and deceive ANDERSON.

14.     ANDERSON is informed and believes and thereon alleges that there exists and at all times herein mentioned existed a unity of interest and ownership between MOLES, PISTORESI, and VILLA DEL SOL, and each of them (hereinafter "VILLA DEL SOL GROUP"), such that any individuality and separateness between them have ceased, and that each of the above-named parties is the alter-ego of the other in the matters alleged herein, in that the assets and management have been intermingled, formalities have not been maintained, and a separate identity is merely a shell in order to evade liability. Adherence to the fiction of the separate existence of MOLES, PISTORESI, and VILLA DEL SOL, and each of them, as separate entities separate and distinct from the other would promote an injustice in that they acted in concert in a scheme to defraud and deceive and conspired together to fraud and deceive ANDERSON.

15.     The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants DOES 1 through 100, inclusive, are unknown to ANDERSON at this time, and ANDERSON therefore sues said defendants and each of them by such fictitious names. ANDERSON will seek leave to amend this Complaint to show their true names and capacities when the same has been ascertained.

16.     ANDERSON is informed and believes and thereon alleges that each of the Defendants named herein, including Defendants sued by such fictitious names are, and at all times herein mentioned were, the duly authorized agent of each other Defendant and in doing the things herein

THIRD AMENDED COMPLAINT

Herrig & Vogt, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902

mentioned, Defendants and each of them, were acting within the course and scope of said agency, that said Defendants, including fictitiously named Defendants, are responsible in some manner for the breaches and defaults herein alleged, and that ANDERSON's damages herein alleged were caused by said Defendants.

17.    Defendants DOES 1 through 100, inclusive, have, or claim to have, an interest in THE PROPERTY, the exact nature of which is unknown to ANDERSON. ANDERSON is ignorant of the true names, interests, rights, and capacities of defendants sued as DOES 1 through 100, inclusive, and therefore sues these defendants by those fictitious names. ANDERSON will amend this complaint to allege their true names, rights, interests, and capacities when they are ascertained.

18.    ANDERSON is informed and believes and thereon alleges that on or about March 5, 2008, VILLA DEL SOL became owners of the real property located in Chowchilla, California that is the subject of this action, which is known as APN: 014-020-031 and legally described as Lot 94 of Tract No. 05-07, Montgomery Farms – Phase 1, according to the map thereof recorded August 9, 2006 in Book 56 Pages 52 through 59 of Maps, Madera County Records (hereinafter "THE PROPERTY").

19.    ANDERSON is informed and believes and thereon alleges that on or about March 20, 2008, VILLA DEL SOL executed a Deed of Trust against THE PROPERTY in favor of STERLING, INC. to secure the payment of a debt (hereinafter "STERLING GROUP's DEED OF TRUST") memorialized in a written promissory note in the amount of $2,470,000 (hereinafter "Sterling Note"). ANDERSON is informed and believes and thereon alleges that pursuant to the terms of the above promissory note, VILLA DEL SOL's entire loan amount of $2,470,000 was to be re-paid by October 1, 2008.

20.    ANDERSON is informed and believes and thereon alleges that on or about February 18, 2009 STERLING, INC. recorded a Notice of Default against THE PROPERTY because VILLA DEL SOL defaulted on the Sterling Note.

21.    ANDERSON is informed and believes and thereon alleges that in and around March 2009, the STERLING GROUP introduced SINGAL to MOLES and PISTORESI to begin discussions regarding the formation of a joint venture to develop THE PROPERTY into an assisted living facility. ANDERSON is informed and believes and thereon alleges that at all times relevant to these

Herrig & Vogt, LLP
Attorneys at Law
4210 Douglas Blvd, Ste. 100, Granite Bay, CA 95746-5902

discussions. the STERLING GROUP and the SURPRISE GROUP were acting in concert to convince MOLES and PISTORESI to form a joint venture with the SURPRISE GROUP where MOLES and PISTORESI would surrender seventy-five (75%) to eighty-five (85%) of their ownership interest in THE PROPERTY (which was in default) in exchange for SINGAL's services to develop THE PROPERTY into an assisted living facility and obtain HUD financing/funding for the project. SINGAL was also to ensure that STERLING GROUP's DEED OF TRUST was paid off.

22.     ANDERSON is informed and believes and thereon alleges that at all times relevant to this action the STERLING GROUP and the SURPRISE GROUP were members of a joint venture that was formed for the common purpose of developing an assisted living facility in Chowchilla, California located on THE PROPERTY (hereinafter "Joint Venture").

23.     ANDERSON is informed and believes and thereon alleges that on or about April 15, 2009, the SURPRISE GROUP as part of the Joint Venture, approached Steven Anderson in Kern County and proposed a project wherein ANDERSON would advance the funds for architectural design drawings prepared by ANDERSON sufficient to obtain HUD funding for the above assisted living facility on THE PROPERTY.

24.     At all times during contract negotiations between ANDERSON and the SURPRISE GROUP that occurred on or about April 15, 2009 through on or about July 30, 2009 regarding the above project, SINGAL and WESCOTT misrepresented to ANDERSON that SURPRISE was the owner of THE PROPERTY, and concealed the fact that THE PROPERTY was in foreclosure to STERLING INC. ANDERSON is informed and believes and thereon alleges that the above misrepresentation and/or concealment were made in furtherance of the Joint Venture.

25.     During the above contract negotiations and in order to convince ANDERSON to enter into a contract with SURPRISE, SINGAL and WESCOTT misrepresented that SURPRISE as owner would execute a Deed of Trust in favor of ANDERSON to secure all costs incurred by ANDERSON for design-related services for the above assisted living facility project so that ANDERSON would receive payment for its work irrespective of whether the HUD funding was secured or not. ANDERSON is informed and believes and thereon alleges that the above misrepresentation was made in furtherance of the Joint Venture.

Herring & Vogt, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902

- 6 -

26.     In reliance on the above representations and the concealment by SINGAL, SURPRISE, and WESCOTT, on or about July 30, 2009 ANDERSON entered into an agreement with SURPRISE in Kern County for ANDERSON to provide design-related services for the assisted living facility to be constructed on THE PROPERTY (hereinafter "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A**. The Agreement contained the following terms:

(1)     Section 6.2.2.5 of the Agreement stated that in order to secure payment of preconstruction services provided by ANDERSON, SURPRISE shall execute a deed of trust against THE PROPERTY in the form attached as Exhibit A to the Agreement. The deed of trust attached as Exhibit A to the Agreement stated SURPRISE was the owner of THE PROPERTY.

(2)     Section 10.3 of the General Conditions of the Agreement provided that in the event of litigation arising out of or relating to the Agreement, the prevailing party is entitled to reasonable attorneys fees and expenses.

27.     On or about August 7, 2009 SURPRISE signed the Agreement. ANDERSON is informed and believes and thereon alleges that SURPRISE entered into the Agreement in furtherance of the Joint Venture.

28.     On or about August 14, 2009, ANDERSON learned for the first time that SURPRISE did not own THE PROPERTY when SINGAL sent an email to ANDERSON stating:

"I just got a call from the land lender on Chowchilla saying they were foreclosing on the previous partner and taking them out. Surprise will control the asset 100% instead of the partnership split. Hold off on the deed of trust for a few weeks since it will probably end up being signed by the bank if the other group loses control of the asset. I was going to have you send them the deed, but wasn't aware they were being taken out of the deal by their bank. It is great for our group and the bank, but not the previous developer."

29.     On or about August 17, 2009, SINGAL emailed ANDERSON the owner's information for THE PROPERTY so the deed of trust could be revised to reflect the true owner of THE PROPERTY, VILLA DEL SOL. SINGAL provided further assurances to ANDERSON stating that THE PROPERTY will likely go through foreclosure but in any case a new deed will be issued to ANDERSON because SURPRISE would be the owner.  ANDERSON is informed and believes and thereon alleges that SINGAL made the above assurances to ANDERSON in furtherance of the Joint

Herig & Vogt, LLP
Attorneys at Law
4210 Douglas Blvd., Ste. 100, Granite Bay, CA 95746-5902

- 7 -

# EXHIBIT B

B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT | |
|---|---|
| Northern District of California | ████████████████ |

| Name of Debtor (if individual, enter Last, First, Middle):<br>Wascott, Carl, Alexander | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Stephens, Mohette, Rosemarie |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>8664 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>1831 |
| Street Address of Debtor (No. and Street, City, and State):<br>853 Ashbury Street<br>San Francisco, CA<br>ZIP CODE 94117 | Street Address of Joint Debtor (No. and Street, City, and State):<br>853 Ashbury Street<br>San Francisco, CA<br>ZIP CODE 94117 |
| County of Residence or of the Principal Place of Business:<br>San Francisco | County of Residence or of the Principal Place of Business:<br>San Francisco |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) | |
|---|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check<br>this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☒ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 | ☐ Chapter 15 Petition for<br>Recognition of a Foreign<br>Main Proceeding<br>☐ Chapter 15 Petition for<br>Recognition of a Foreign<br>Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) | |
|---|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or<br>against debtor is pending: | ☐ Debtor is a tax-exempt organization<br>under title 26 of the United States<br>Code (the Internal Revenue Code). | ☐ Debts are primarily consumer<br>debts, defined in 11 U.S.C.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or<br>household purpose."* | ☒ Debts are<br>primarily<br>business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment<br>on 4/01/13 and every three years thereafter).*<br>------------------------------<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1) (12/11)                                                                                    Page 2

| Voluntary Petition _(This page must be completed and filed in every case.)_ | Name of Debtor(s): Wescott, Carl, Alexander Stephens, Monette, Rosemarie |
|---|---|

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: Northern District of California | Case Number: 3:11-bk-34426 | Date Filed: 12/13/2011 |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | Exhibit B (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  /s/ Neil Ison                          01/16/2012<br>   Signature of Attorney for Debtor(s)   (Date) |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)

Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Wescott, Carl Alexander Stephens, Monette, Rosemarie |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X **/s/ Carl Alexander Wescott**<br> Signature of Debtor<br><br>X **/s/ Monette Rosemarie Stephens**<br> Signature of Joint Debtor<br><br> **Telephone Number (if not represented by attorney)**<br> **01/16/2012**<br> Date | X _____<br> (Signature of Foreign Representative)<br><br> _____<br> (Printed Name of Foreign Representative)<br><br> _____<br> Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X **/s/ Neil Ison**<br> Signature of Attorney for Debtor(s)<br> Neil Ison<br> Printed Name of Attorney for Debtor(s)<br> Firm Name<br><br> 15091 Becky Lane<br> Monte Sereno, CA 95030<br> Address<br> 408-828-2490<br> Telephone Number<br> 01/16/2012<br> Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br> _____<br> Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br> _____<br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br> Signature of Authorized Individual<br><br> _____<br> Printed Name of Authorized Individual<br><br> _____<br> Title of Authorized Individual<br><br> _____<br> Date | _____<br> Address<br><br>X _____<br> Signature<br><br> _____<br> Date<br><br> Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# EXHIBIT C

B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT

### Northern District of California

In re: __Wescott, Carl and Stephens, Monette__ ,          Case No. __12-30143 DM 7__
　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　(if known)

## STATEMENT OF FINANCIAL AFFAIRS

　　　　This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

　　　　Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

　　　　"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

　　　　"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.　Income from employment or operation of business**

None
☐
　　　　State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

　　　　　　　AMOUNT　　　　　　　　　　　　　　　　　　SOURCE

2

**2.    Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

          AMOUNT                                    SOURCE

---

**3.    Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within 90 days immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

3

None
☐

c. *All debtors:* List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |

None
☐

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**5. Repossessions, foreclosures and returns**

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

4

**6.  Assignments and receiverships**

None ☑  a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)



| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑  b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7.  Gifts**



None ☑  List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None ☑  List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

5

**9.   Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10.   Other transfers**

None ☐

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b.   List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.   Closed financial accounts**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

6

**12.  Safe deposit boxes**

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None ☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

7

**16. Spouses and Former Spouses**

None ☐

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☑

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

---

**18 . Nature, location and name of business**

None ☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

8

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☐

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐

a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                DATES SERVICES RENDERED

None ☐

b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                ADDRESS                DATES SERVICES RENDERED

9

None
☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                    ADDRESS

None
☑ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                        DATE ISSUED

---

**20. Inventories**

None
☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

|  |  | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
| --- | --- | --- |
| DATE OF INVENTORY | INVENTORY SUPERVISOR | |

None
☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
| --- | --- |
| DATE OF INVENTORY | |

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
| --- | --- | --- |

None
☑ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
| --- | --- | --- |

---

10

**22 . Former partners, officers, directors and shareholders**

None ☑

a.   If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None ☑

b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|-----------------------------------------------------|--------------------------------|------------------------------------------------------|

**24. Tax Consolidation Group.**

None ☑

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|

**25. Pension Funds.**

None ☑

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------|--------------------------------------|

* * * * *

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  01/29/2012

Signature of Debtor  /s/ Carl Alexander Wescott

Date  01/29/2012

Signature of Joint Debtor (if any)  /s/ Monette Rosemarie Stephens

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  _____

Signature  _____

Print Name and Title  _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___ continuation sheets attached

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer      Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

Address

Signature of Bankruptcy Petition Preparer          Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  18 U.S.C. § 156.*

### B7 - Statement of Financial Affairs
In Re    Wescott, Carl and Stephens, Monette
Case number    12-30143 DM 7

#### P. 1. Question 1

Carl Wescott's (hereafter, sometimes, "CW") profession is a real estate developer.  CW has had zero income from that this calendar year.  CW has had $996,000 of income in the two years prior to that.

Monette Stephens' (hereafter, sometimes, "MS") profession is as a technology and business consultant. No income this calendar year.  MS had $38,000 of income in 2011 from that.

Fiscal years are calendar years.

#### P. 2. Question 2

CW and MS have had a small amount of interest income, and rental income, personally, over the last 2 years (under $10,000).

#### P. 2 Question 3b

CW has paid Jim Motter $5k in interest in between 10/1/11 and 1/17/2012 ($2500 on 10/1 and $2500 on 12/1) for a $100k unsecured note (the payment is 15% on 100k, 6 times a year, bi-monthly)

#### P. 3 Question 3c

CW has paid his mother, Marjatta Wescott, $2892 in interest over the past year, as well as $3k in principal.

#### P. 3 Question 4a

See attachment 1.

#### P. 3 Question 4b.

Attached, garnished, seized in the last year – nothing, though note the potential turnover orders for PB and SD stock.

Writs of attachment for Fiechter, fraudulently obtained – see the corresponding RTAO (Right to Attach Order) aka writs of attachment

#### P. 3 Question 5.

See attachment 2.

P. 4 Question 6a – none

P. 4 Question 6b – none

[However, nota bene that one of CW's company's creditors is BK and is in the hands of a receiver – Commercial Capital – they were the lender to AYSS, LLC and to Delhi Mini Storage, LLC, both of which were owned by Surprise Development, Inc.]

[However, nota bene also an entity that CW loaned money went BK, and its lenders are also BK... Dyer Mountain Associates, and multiple tranches of CMR syndicated debt, as well]

P. 4 Question 7 – gifts – none

P. 4 Question 8 – Losses within one year – fire, theft, gambling – none

P. 5 Question 9 – payments related to debt/BK

10 bucks earlier this year for counseling – 6/1/2011 – InCharge Debt Solutions
5 bucks 11/28 and 5 bucks in January 2012 for counseling – ConsumerBankrupcyCounseling.info
306 filing fee for Bk – Neil Ison – 1/13/2012
2000 fee – Neil Ison – 1/17, prior to filing
$2326 total

P. 5 Question 10 – transfers - 10a

See attachment 3 which comes in multiple parts.

P. 5 – 10b – none

P. 5 Question 11 – Financial Accounts

CW has owned no public equities, bonds, derivatives, and so on, for many years.  MS has not owned any for years either.

CW and MS have had 4 bank accounts that were closed in the last year.

In the year prior to the filing, CW and MS had accounts at Wells Fargo 9967827024 and 9967847420 closed with an account balance of zero.

The accounts were closed in April and May, respectively (2011).

Wells Fargo
1726 HAIGHT ST
SAN FRANCISCO CA 94117

CW had an account at First Republic Bank, now closed, number ending in 9363.  Closed with a balance of zero in February 2011.

First Republic
1400 Civic Drive
Walnut Creek CA 94596

CW had an account at Citibank, now closed, account number 40023888189. Closed with a balance of zero in August 2011.

Citibank
260 California Street
San Francisco CA 94111

### P. 6 question 12 – no safe deposit box

### P. 6 question 13 – no setoffs within 90 days

### P. 6 question 14 – no property held for another person

### P. 6 question 15 – prior address of debtor

On October 18th, 2004, CW and MS bought 853 Ashbury Street SF CA 94117-4418 and moved in to the house shortly thereafter. It was our primary residence for years. In February 2011 CW moved to Ecuador. CW still has his place there, and that was his legal domicile beginning February 2011. From February through early July, CW was in Ecuador most of the time. However, beginning in July 2011, CW has been in California most of the time. CW has not vacated any premises (residential) in the last 3 years. Nota bene that our old office in San Francisco, 1083 Mississippi Street, was lost to foreclosure in early 2011. It was never a residence, however.

### P. 7 Question 16.

My spouse is Monette Stephens/Carl Wescott

### P. 7 Question 17 – Environmental - N/A

### P. 7 Question 18 – Nature, location, name of businesses within 6 years

See attachment 4.

### P. 8 question 19a. Books

Gina Perry kept books until early 2010. A mailing address for her is:

Gina Perry
% Marakana
301 Howard Ste 550,
San Francisco, CA 94105
415 264 5265

She started working for CW in 2006, and worked until CW caught her attempting to embezzle funds in early 2010. Looking back through the books, she paid herself monies prior to that that CW had not noticed or approved. She has informed CW that she is currently working for multiple plaintiffs and creditors, who have been paying her and are paying her tens of thousands of dollars, so between that, her being a creditor and potential plaintiff, and the issues above, she would not necessarily be a reliable source of information. Ms. Perry still has checks, signature stamps and cards that she has refused to return, and the police and financial institutions and one of her clients were notified regarding that.

Leo Zendejas has been rendering bookkeeping services for years to MS. More recently, he has been doing so for both MS and CW (just the last few months). Leo's address is 3116 - 16th Street #16, San Francisco, CA 94103.

P. 8 question 19b. Audits - None

P. 8 question 19b. Financial statements

Gina Perry may have prepared financial statements, within the 2 year mark:

Gina Perry
% Marakana
301 Howard Ste 550,
San Francisco, CA 94105

...but we do not consider her a reliable source of information.

P. 9 question 19c. Possession of books

No firms are in such possession. There are some records stored at 5760 Chemise Road in Healdsburg, CA 95448. I have attempted to obtain them and have hired someone to try to get those as well as furniture at that property. There were some records at 1083 Mississippi Street, which has since been foreclosed.

P. 9 question 19d. Recent financial statements

Unsure as to whether any were issued within the 2 year mark. If any were issued since 1/19/2010, we do not have records of such. There are backups of email at 5760 Chemise Road, Healdsburg, CA 95448.

P. 9 question 20 Inventories - None

P. 9 question 21 a and b - n/a

P. 10 question 22 n/a

P. 10 question 23 n/a

P. 10 question 24 n/a

P. 10 question 25 n/a

| Form 7 | Attachment 1 | Item 4a – Lawsuits with Case Numbers and Related Information | (Did not include legal filings for foreclosures and related actions) | | |
|---|---|---|---|---|---|
| Caption of Suit and Case number | Nature of Proceeding | Court or Agency and Location | Case Title | Filing Date | Status or Disposition |
| CGC-10-496091 | Lawsuit for monies | San Francisco Superior Court | FREDERICK C FIECHTER VS. CARL WESCOTT et al | 1/15/2010 | withdrawn |
| CGC-10-501551 | Lawsuit for monies (2nd Deed of Trust on 4172 West Dry Creek Road, Healdsburg, CA) | San Francisco Superior Court | DAVID H. KIRK VS. CARL WESCOTT et al | 7/23/2010 | settled with stipulated judgment of $1,400,000 |
| CGC-10-502027 | Lawsuit for monies | San Francisco Superior Court | JOSEPH MARTIN VS. CARL WESCOTT et al | 7/29/2010 | settled with stipulated judgment of $100,000 |
| CGC-11-513075 | Lawsuit for monies (unpaid well at 4172 West Dry Creek Road, Healdsburg, CA) | San Francisco Superior Court | WEEKS DRILLING & PUMP CO. VS. CARL WESCOTT et al | 8/4/2011 | dismissed |
| CPF-11-511547 | Lawsuit for monies | San Francisco Superior Court | FREDERICK C. FIECHTER VS. CARL WESCOTT et al | 8/26/2011 | ongoing |
| CGC-11-512922 | Lawsuit for monies (unpaid credit card) | San Francisco Superior Court | CITIBNAK (SOUTH DAKOTA) N.A. [sic] VS. CARL A WESCOTT | 6/2/2011 | dismissed |
| CSM-11-839206 | Lawsuit for monies ($5,000 in unpaid HOA dues) | San Francisco Superior Court | THE PALMS OWNERS ASSOCIATION VS. CARL A WESCOTT | 11/18/2011 | preliminary stages - service has not happened |
| CGC-10-502977 | Lawsuit for monies | San Francisco Superior Court | ROBERT LONGSDALE VS. CARL A. WESCOTT et al | 8/25/2010 | ongoing |

| CGC-10-505734 | Lawsuit for monies | San Francisco Superior Court | ROBERT LONSDALE VS. CARL A. WESCOTT et al | | 12/1/2010 | ongoing |
| CGC-11-509733 | Lawsuit for monies (unpaid credit card) | San Francisco Superior Court | CHASE BANK USA, N.A. VS. CARL A. WESCOTT et al | | 3/30/2011 | dismissed |
| CIV 084380 | Lawsuit for monies (personal guarantee on 2nd Deed of Trust) | Marin Superior Court | Quality Housing Solutions, LLC versus Singal, Wescott and Surprise Development, Inc. | trial date 12/27/2010 | | judgment entered for Quality Housing Solutions, LLC in the amount of $1,320,016.30 |
| SCUKCVG 11 59031 | Unlawful Detainer | Mendocino County Superior Court of California | Gattuni and Warren versus Wescott and 1462 Boonville Road, LLC | no service of process yet, nor served trial date | | preliminary stages - service has not happened |
| 10-CV-0323 | Breach of Contract (regarding 162 Glen Court, Stateline, NV) | Ninth Judicial Circuit in the State of Nevada in and for the County of Douglas | Flechter versus Wescott and 162 Glen Court, LLC | service never actually occured, but judgment as of August 5th, 2011 | | default judgment in the amount of $921174.28, interest in the amount of $338907.80, plus interest @ 18% (violation of CA and federal usury laws), plus costs of suit and attorneys' fees totalling $15,591.25). Interest accrues on principal @ 18% from 8/15/2011 |
| CGC-11-51336 | Complaint for Declaratory Relief | San Francisco Superior Court | 2 Longhorn Ridge Road, LLC et al versus Old Republic Title | | 8/15/2011 | initial service and filings done; trial set for September 2012 |
| S-1500-CV-274541 | CIVIL COMPLAINT | Kern County Superior Court | SURPRISE DEVELOPMENT, INC. et al versus SC Anderson et al | filed 8/26/2011 | | preliminary stages - service has not happened (though plaintiff claims it has and seeks a judgment) |