UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SC ANDERSON, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-05676-LB<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: ECF No. 63, 67 |

**INTRODUCTION**

The plaintiff Carl Wescott, who is representing himself, sued the defendants — SC Anderson, Inc., Herrig & Vogt LLP, and Moe's Process Serving ("Moe's") — alleging that they fraudulently obtained a default judgment against him in a California state-court case brought by SC Anderson.[1] All parties are residents of California.[2] Federal jurisdiction is predicated on three alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); Mr. Wescott also asserts four state claims.[3] The defendants move to dismiss Mr. Wescott's first amended complaint

---

[1] First Amend. Compl. ("FAC") – ECF No. 61. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents

[2] *Id*. at 1–2 (¶¶ 1–4).

[3] *Id*. at 7–14.

under Rule 12(b)(6).[4] The motions can be decided without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The court grants the motions to dismiss and dismisses the amended complaint without prejudice and with leave to amend.

## STATEMENT

Mr. Wescott owned and managed Surprise Development, a now-defunct real-estate-development company.[5] Surprise Development and SC Anderson, a construction company, entered a contract for SC Anderson to provide design and engineering services.[6] After a downturn in the economy, Surprise Development became unable to pay SC Anderson.[7] On October 6, 2011, SC Anderson sued Mr. Wescott for breach of contract in California state court.[8] Herrig & Vogt is the law firm that represented SC Anderson, and Moe's Process Serving is a process server.[9] Mr. Wescott alleges that the defendants

> "entered into a scheme to impose extra-contractual personal liability on [Mr. Wescott] by: (a) faking a fraud case in general and against [Mr. Wescott] specifically; (b) obtaining a personal judgment in stealth thus preventing him from raising dispositive contractual defenses; (c) obtaining the default in knowing violation of [Mr. Wescott's] automatic stay in bankruptcy and then; (d) extortionately using that wrongful and void default to obtain [Mr. Wescott's] money and/or property."[10]

He alleges that Anderson and Herrig & Vogt — acting through Moe's Process Serving — certified a fraudulent proof of service for the state court action and tampered with his mail.[11] He alleged that Herrig & Vogt did not "disclose the pendency of [Mr. Wescott's] bankruptcy and existence of

---

[4] Motions – ECF Nos. 63, 67.
[5] FAC – ECF No. 61 at 2–3 (¶ 6).
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at 2 (¶¶ 3–4), 3 (¶ 7(a)).
[10] *Id.* at 2–3 (¶ 6).
[11] *Id.* at 3 (¶ 7(c)–(d)).

the automatic stay to the State Court in obtaining the State Court Case default," and they did not disclose the default to him until December of 2016.[12] Since obtaining the default judgment, the defendants have attempted to collect the debt Mr. Wescott owes SC Anderson.[13]

In his original complaint, Mr. Wescott asserted three RICO claims and four state-law claims.[14] SC Anderson and Herrig & Vogt moved to dismiss the complaint under Rule 12(b)(6).[15] The court granted the motion, dismissed Mr. Wescott's civil RICO claims for failure to allege fraud with particularity, and declined to exercise supplemental jurisdiction over the remaining state claims.[16] The court dismissed the claims against SC Anderson and Herrig & Vogt without prejudice and with leave to amend.[17]

On June 14, 2018, Mr. Wescott filed an amended complaint.[18] The amended complaint largely alleges the same facts as the original complaint.[19] Mr. Wescott adds the following new allegations to the amended complaint:

- Mr. Wescott "made no important representations to Anderson . . . and [] the [d]efendants never relied on any representations, having recently judicially admitted in Madera County filings that they were specifically aware of the risk that [Mr. Wescott] would not acquire the property in question with the result that [d]efendant Anderson would not be paid for its services."[20]

- Mr. Wescott "attended one meeting, one conference calls, and signed paperwork."[21]

---

[12] *Id*. at 4–5 (¶¶ 7(f), 9).

[13] *Id*. at 5 (¶ 10).

[14] *Id.* at 6–12 (¶¶ 16–38).

[15] Motion – ECF No. 22.

[16] Order – ECF No. 57 at 8.

[17] *Id.*

[18] FAC – ECF No. 61.

[19] *Compare* Compl. – ECF No. 1 *with* FAC – ECF No. 61.

[20] FAC – ECF No. 61 at 3 (¶ 7(a)).

[21] FAC – ECF No. 61 at 4 (¶ 8(c)).

ORDER – No. 17-cv-05676-LB                3

- Moe's certified that a black-haired lady was served at Mr. Wescott's house but his ex-wife was blonde and had a different height and weight than what the proof of service certified.[22]

In the amended complaint, Mr. Wescott asserts seven claims (three federal RICO claims and four state claims): (1) maintaining a RICO enterprise engaged in a pattern of racketeering activity; (2) conducting and participating in a RICO enterprise engaged in a pattern of racketeering activity; (3) conspiracy to engage in a pattern of racketeering activity; (4) abuse of process; (5) intentional infliction of emotional distress; (6) common-law fraud; and (7) breach of fiduciary duty.[23] The defendants filed motions to dismiss the complaint under Rule 12(b)(6).[24]

## GOVERNING LAW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are

---

[22] FAC – ECF No. 61 at 3 (¶ 7(c)).

[23] FAC – ECF No. 61 at 7–13.

[24] Motion – ECF No. 63: Motion – ECF No. 67.

merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Fraud allegations — like those required for the civil RICO claims here — elicit a more demanding standard. Rule 9(b) provides: "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Like the basic "notice pleading" demands of Rule 8, a driving concern of Rule 9(b) is that defendants be given fair notice of the charges against them. *See, e.g.*, *In re Lui*, 646 F. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (quotation omitted); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the defendant can prepare an adequate answer"). This heightened-pleading standard can apply even to claims that do not innately require proof of fraud. *E.g., Vess*, 317 F.3d at 1103–05. If such a claim nonetheless avers fraudulent conduct, then at least those averments must satisfy Rule 9(b); and, if a claim rests "entirely" on a "unified course of fraudulent conduct," then "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Id.* at 1103–04. Finally, "[a] motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* at 1107.

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

**ANALYSIS**

The issues are whether the statute of limitations bars the claims and whether Mr. Wescott pleaded civil RICO claims. Mr. Wescott did not plead fraud with particularity, and the court thus dismisses the RICO claims and declines to declines to exercise supplemental jurisdiction over the state claims.

**1. Statute of Limitations**

For the reasons set forth in the court's May 21 order, the court does not dismiss the complaints on the ground that the claims are time barred.[25]

**2. Civil RICO Claims**

The next sections set forth the law governing civil RICO claims and analyze whether Mr. Wescott plausibly pleads civil RICO claims.

**2.1 Governing Law**

To establish a civil RICO claim, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmet v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996); *see Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO, 2017 WL 3485881, at *12 (N.D. Cal. August 15, 2017) (citing *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014))."Racketeering activity, the fourth element, requires predicate acts, which in this case are alleged to be mail and wire fraud under 18 U.S.C. §§ 1341 and 1343." *Eclectic Properties East, LLC.*, 751 F.3d at 997. The only difference between mail and wire fraud statutes is the method of carrying out the fraud. *Id*. There are three elements of mail and wire fraud: "(A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (C) the specific intent to defraud." *Id*. (citing *Schreiber Distrib. Co. v. Serv–Well Furniture Co., Inc.,* 806 F.2d 1393, 1399 (9th Cir.1986). "'The intent to defraud may be

---

[25] Order – ECF No. 57 at 6–7.

ORDER – No. 17-cv-05676-LB        6

inferred from a defendant's statement and conduct.'" *Eclectic Properties East, LLC.,* 751 F.3d at 997 (quoting *United States v. Peters*, 962 F.2d 1410, 1414 (9th Cir. 1992)).

Rule 9(b)'s heightened pleading standard applies to civil RICO claims predicated on fraud. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004). A plaintiff alleging fraudulent predicate acts must "'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Id.* at 1066 (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### 2.2 SC Anderson and Herrig & Vogt

Mr. Wescott's new allegation about SC Anderson and Herrig & Vogt is that they "filed sham litigation in Kern County and Madera County" against Mr. Wescott.[26] Mr. Wescott alleges that the litigation "was fraudulent and a sham because [Mr. Wescott] individually made no important representations to Anderson . . . and because the Defendants never relied on *any* representations, having recently admitted in Madera County filings that they were specifically aware of the risk the Kern County Defendants would not acquire the property in question with the result that Defendant Anderson would not be paid for its services."[27] Mr. Wescott also states that Anderson knew of the risk that it would not be paid for their services, Mr. Wescott made no important representations to Anderson and Herrig & Vogt, and Mr. Wescott had very few interactions with Anderson.[28] Filing a frivolous lawsuit does not amount to fraud. *See Myser v. Tangen*, No. C14-0608JLR, 2015 WL 502316, at *1 (W.D. Wash. Feb. 5, 2015), *aff'd*, 671 F. App'x 1006 (9th Cir. 2016) ("the court found that [the plaintiff's] claims regarding a frivolous lawsuit by his former employees . . . would not amount to fraud on the court even if plausibly pleaded.") Mr. Wescott's other claims about the SC Anderson and Herrig & Vogt's actions in the lawsuit — including the allegation that the

---

[26] FAC – ECF No. 61 at 3 (¶ 7(a)).

[27] *Id.*

[28] FAC – ECF No. 61 at 3–4 (¶ 7(a), 8(c)–(d)).

defendants never intended to serve him — are the same allegations in the prior complaint and fail to allege fraud with particularity. *See* Fed. R. Civ. P. 9(b).

The court dismisses the civil RICO claims against SC Anderson and Herrig & Vogt.

**2.3  Moe's Processing**

Mr. Wescott alleges that Moe's Processing fraudulently obtained a proof of service in his state-court case. He alleges that

> Moe's… perjuriously certified a fraudulent proof of service on the Defendant in connection with a state court action brought by SC Anderson . . . . On the day of the alleged service [Mr. Wescott] and his now-ex-wife were both in Santa Barbara. Moe's certified that a lady was served at [Mr. Wescott's] house, with black hair. [Mr. Wescott's] ex-wife was blonde and of a completely different height and weight than what the proof of service certified. In certifying and transmitting fraudulent proof of service, Moe's utilized both mails and the wires in violation of 18 U.S.C. 1961.[29]

> . . . Moe's unlawfully accessed and tampered with the defendant's mail by gaining unauthorized access to his closed United States Postal mailbox . . . .in aid of an attempt to extort [Mr. Wescott].[30]

Taking the allegations as true, they do not establish that Moe's Processing fraudulently obtained proof of service or committed wire fraud. The allegations about an allegedly improper execution of service do not sufficiently allege bad faith amounting to fraud. *See Rodrigo v. Barclays Bank Delaware*, No. 16CV808-JAH (JMA), 2017 WL 1155373, at *7 (S.D. Cal. Mar. 27, 2017) (finding no inference of bad faith for a default judgment where the plaintiff "argu[ed] that she was never personally served with the summons and complaint, and the individual described as accepting service was, allegedly, not her."); *Tejada v. Sugar Foods Corp.*, No. CV 10-05186 MMM JEMX, 2010 WL 4256242, at *4 (C.D. Cal. Oct. 18, 2010) ("[G]iven the inherent difficulties in judging height and weight accurately, this does not, by itself, constitute strong and convincing evidence that the proof of service is inaccurate.") The fraud allegations about tampering with the mailbox are not sufficient either, and Mr. Wescott pleads no particular

---

[29] FAC – ECF No. 61 at 3 (¶ 7(c)).
[30] FAC – ECF No. 61 at 3 (¶ 7(d)).

facts suggesting extortion. The allegations fail to state the "who, what, when, where, and how" of the alleged mail fraud and extortion. *Vess*, 317 F.3d at 1106.

The court dismisses the civil RICO claims against Moe's.

### 3. The State Claims

Because the court dismisses the federal claims, it declines to exercise supplemental jurisdiction over the state claims and dismisses them without prejudice to Mr. Wescott's raising them in state court. 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The court grants the motions to dismiss and dismisses the complaint without prejudice and with leave to amend. The plaintiff must file any amended complaint by August 30, 2018.

**IT IS SO ORDERED.**

August 9, 2018

_____
LAUREL BEELER
United States Magistrate Judge