UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARL ALEXANDER WESCOTT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SC ANDERSON, INC., et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-05676-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 82 |

## INTRODUCTION

The plaintiff Carl Wescott, who is representing himself, sued the defendants — SC Anderson, Inc. and Herrig & Vogt LLP — alleging that they fraudulently obtained a default judgment against him in a California state-court case brought by SC Anderson.[1] All parties are residents of California.[2] Federal jurisdiction is predicated on three alleged violations of the Racketeer

---

[1] Second Amended Complaint ("SAC") – ECF No. 76. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The case initially involved a third defendant, Moe's Process Serving, but Mr. Wescott did not name Moe's in the SAC. *See id.* The court thus terminated Moe's Process Serving as a defendant on September 4, 2018. *See* Docket. The court will separately enter Moe's Process Serving's proposed order of dismissal at ECF No. 77.

[2] *Id*. at 1–2 (¶¶ 1–3).

Influenced and Corrupt Organizations Act ("RICO").[3] Mr. Wescott also asserts four state claims.[4] The defendants move to dismiss Mr. Wescott's second amended complaint under Rule 12(b)(6).[5] The motion can be decided without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). The court grants the motion to dismiss and dismisses the amended complaint with prejudice and without leave to amend.

**STATEMENT**

Mr. Wescott owned and managed Surprise Development, a now-defunct real-estate-development company.[6] Surprise Development and SC Anderson, a construction company, entered a contract for SC Anderson to provide design and engineering services.[7] After a downturn in the economy, Surprise Development became unable to pay SC Anderson.[8] SC Anderson sued Mr. Wescott for breach of contract in California state court.[9] Herrig & Vogt is the law firm that represented SC Anderson.[10] Mr. Wescott alleges that the defendants

> entered into a scheme to impose extra-contractual personal liability on the Plaintiff by: (a) faking a fraud case in general and against the Plaintiff specifically; (b) obtaining a personal judgment in stealth thus preventing him from raising dispositive contractual defenses; (c) obtaining the judgment in knowing violation of the Plaintiff's automatic stay in bankruptcy; (d) extortionately using that wrongful and void judgment to try to obtain the Plaintiff's money and/or property [] using, in material part; (e) a second successive fraudulent complaint, this time an adversary action in bankruptcy, that fraudulently omitted material information that the judgment on which [SC Anderson] relied was void ab initio.[11]

---

[3] *Id*. at 7–14.

[4] *Id*.

[5] Motion – ECF No. 82.

[6] SAC – ECF No. 76 at 2 (¶ 5).

[7] *Id*.

[8] *Id*.

[9] *Id.* at 4 (¶ 7(a)).

[10] *Id.* at 2 (¶ 3).

[11] *Id*. at 2–3 (¶ 5).

ORDER – No. 17-cv-05676-LB          2

He alleges that SC Anderson and Herrig & Vogt — acting through Moe's Process Serving — certified a fraudulent proof of service for the state court action.[12] He alleges that Herrig & Vogt "filed a motion for default judgment in the Kern County [court] even though they knew (but concealed from the court) that the Kern County Court had lost jurisdiction of the case because of the pendency of the Plaintiff's automatic stay" and they did not disclose the default to him until December 2016.[13] Since obtaining the default judgment, the defendants have attempted to collect the debt Mr. Wescott owes SC Anderson.[14]

In his original complaint, Mr. Wescott asserted three RICO claims and four state-law claims.[15] SC Anderson and Herrig & Vogt moved to dismiss the complaint under Rule 12(b)(6).[16] The court granted the motion, dismissed Mr. Wescott's civil RICO claims for failure to allege fraud with particularity, and declined to exercise supplemental jurisdiction over the remaining state claims.[17] The court dismissed the claims against SC Anderson and Herrig & Vogt without prejudice and with leave to amend.[18]

On June 14, 2018, Mr. Wescott filed an amended complaint.[19] The amended complaint largely alleged the same facts as the original complaint.[20] The defendants moved to dismiss the first amended complaint under Rule 12(b)(6) and the court granted the motion and dismissed Mr. Wescott's claims on the same grounds as the May 21, 2018 order.[21]

---

[12] *Id*. at 4 (¶ 7(b)).

[13] *Id*. at 4–6 (¶¶ 7(f), 9).

[14] *Id*. at 6–7 (¶ 10).

[15] Complaint – ECF No. 1 at 6–12.

[16] Motion – ECF No. 22.

[17] Order – ECF No. 57 at 8.

[18] *Id.*

[19] First Amended Complaint ("FAC") – ECF No. 61.

[20] *Compare* Complaint – ECF No. 1 *with* FAC – ECF No. 61.

[21] Motions – ECF Nos. 63, 67; Order – ECF No. 75.

On September 4, 2018, Mr. Wescott filed a second amended complaint.[22] This complaint does not name Moe's Process Serving, Inc. as a defendant.[23] The amended complaint largely alleges the same facts as the original complaint.[24] Mr. Wescott adds the following new allegations to the amended complaint:

- The defendants filed "a second successive fraudulent complaint, this time an adversary action in bankruptcy, that fraudulently omitted material information that the judgment on which SCA relied was void ab initio."[25]
- The defendants bribed Moe's Process Serving, Inc.[26]

In the amended complaint, Mr. Wescott asserts seven claims (three federal RICO claims and four state claims): (1) maintaining a RICO enterprise engaged in a pattern of racketeering activity; (2) conducting and participating in a RICO enterprise engaged in a pattern of racketeering activity; (3) conspiracy to engage in a pattern of racketeering activity; (4) abuse of process; (5) intentional infliction of emotional distress; (6) common-law fraud; and (7) breach of fiduciary duty.[27] The defendants filed a motion to dismiss the complaint under Rule 12(b)(6).[28]

## STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant "fair notice" of what the claims are and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

---

[22] SAC – ECF No. 76.

[23] *See id.* at 1.

[24] *Compare* FAC – ECF No. 61 *with* SAC – ECF No. 76.

[25] SAC – ECF No. 76 at 3 (¶ 5).

[26] *Id.* at 5 (¶ 7(i)), 7 (¶ 13).

[27] *Id.* at 8–14.

[28] Motion – ECF No. 82.

ORDER – No. 17-cv-05676-LB          4

recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Id.* (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which when accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Fraud allegations — like those required for the civil RICO claims here — elicit a more demanding standard. Rule 9(b) provides: "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). This means that "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Like the basic "notice pleading" demands of Rule 8, a driving concern of Rule 9(b) is that defendants be given fair notice of the charges against them. *See, e.g.*, *In re Lui*, 646 F. App'x 571, 573 (9th Cir. 2016) ("Rule 9(b) demands that allegations of fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.") (quotation omitted); *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007) (Rule 9(b) requires particularity "so that the defendant can prepare an adequate answer"). This heightened-pleading standard can apply even to claims that do not innately require proof of fraud. *E.g., Vess*, 317 F.3d at 1103–05. If such a claim nonetheless avers fraudulent conduct, then at least those averments must satisfy Rule 9(b); and, if a claim rests "entirely" on a "unified course of fraudulent conduct," then "the pleading of that claim as a whole

must satisfy the particularity requirement of Rule 9(b)." *Id*. at 1103–04. Finally, "[a] motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Id.* at 1107.

If a court dismisses a complaint, it should give leave to amend unless the "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc*., 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

The court previously informed Mr. Wescott of the standards to plead a claim under Federal Rules of Civil Procedure 8(a) and 12(b)(6) and for pleading fraud with particularity under Rule 9(b).[29] Mr. Wescott did not plead fraud with particularity, and the court thus dismisses the RICO claims and declines to exercise supplemental jurisdiction over the state claims.

### 1. Statute of Limitations

For the reasons set forth in the court's May 21, 2018 order, the court does not dismiss the complaint on the ground that the claims are time barred.[30]

### 2. Civil RICO Claims

Rule 9(b)'s heightened pleading standard applies to civil RICO claims predicated on fraud. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004). A plaintiff alleging fraudulent predicate acts must "'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Id.* at 1066 (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

---

[29] Order – ECF No. 57 at 4–5; Order – ECF No. 75 at 4–7.

[30] Order – ECF No. 57 at 6–7.

For the most part, Mr. Wescott repeats his allegations from his earlier complaints and does not allege fraud with particularity. *See* Fed. R. Civ. P. 9(b). As the court held previously, filing a frivolous lawsuit does not amount to fraud.[31] *See Myser v. Tangen*, No. C14-0608JLR, 2015 WL 502316, at *1 (W.D. Wash. Feb. 5, 2015), *aff'd*, 671 F. App'x 1006 (9th Cir. 2016) ("the court found that [the plaintiff's] claims regarding a frivolous lawsuit by his former employees . . . would not amount to fraud on the court even if plausibly pleaded."). Mr. Wescott does not allege facts that show, for example, that the lawsuit was not merely frivolous but instead was "fake" and was "more akin to forging."[32] Moreover, pleading a forgery requires pleading allegations that satisfy the Rule 9(b) heightened pleading standard. *See York v. Bank of America*, No. 14–cv–02471–RS, 2015 WL 3561723 at * 11 (N.D. Cal. June 8, 2015). Mr. Wescott did not allege forgery with particularity.

Bribery — a new allegation in the amended complaint — does not require heightened pleading because it is not a crime of fraud. That said, Mr. Wescott's assertion that the defendants bribed Moe's Process Serving, Inc. is not a fact allegation. It is a conclusion. Mr. Wescott thus does not "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The court dismisses the civil RICO claims against SC Anderson and Herrig & Vogt.

### 3. The State Claims

Although a federal court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental

---

[31] *See* Orders – ECF Nos. 57, 75.

[32] SAC – ECF No. 76 at 3 (¶ 6).

ORDER – No. 17-cv-05676-LB　　　　7

jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.")

Because Mr. Wescott does not state a viable federal claim, the court declines to exercise supplemental jurisdiction over the state claims and dismisses them without prejudice to Mr. Wescott's raising them in state court.

### 4. Dismissal with Prejudice

The court may dismiss a case without leave to amend if amendment "would be an exercise in futility." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1239 (9th Cir. 1998). As discussed herein and in the court's August 9, 2018 order, Mr. Wescott has failed to present new or additional facts in his amended complaints to support the allegations underlying his RICO claims. The court finds that any further amendment would be futile and dismisses Mr. Wescott's complaint with prejudice.

## CONCLUSION

The court grants the motion to dismiss and dismisses the complaint with prejudice and without leave to amend.

**IT IS SO ORDERED.**

Dated: November 6, 2018

_____
LAUREL BEELER
United States Magistrate Judge